JUNE TERM
1836.

Graham & others
v.
O'Fallon exor. of
Mullanphy.

I. A legatee or devisee, who is also heir at law, is a competent witness to prove a fact to establish the will, under which he takes the legacy, when the establishment of the will is clearly against the interest he would have as heir.

2. To authorise the county ct. to issue a citation, to witnesses, to testify their knowledge concerning the existence, destruction or possession of a will, it is essential that the excor. or other persons interested should make affidavit "that he has cause to believe and that he does believe" that some person has concealed, or embezzeled any books, papers &c. An affidavit wanting the affirmation, is therefore defective, and the court may properly refuse a citation.

3. An attorney who draws up a will, is present at the time of its execution—sees the will, after the death of the testator, in the possession of testator's family—reads it and recollects its principal provisions—is a competent witness to prove these facts, and his evidence is not subject to the objection, that it discloses confidential communications of a client.

Statement of the case.

This was originally a case in the county court. John O'Fallon presented certain copies of the supposed will of John Mullanphy, to the county court for probate.—The plaintiffs in error, come in and entered a caveat against the proceedings of the executor; such proceedings were had thereon, that the county court decreed and adjudged that John Mullanphy died intestate. O'Fallon took the case to the circuit court, where the decree of the county court was reversed; to reverse this decree, the plaintiffs bring the cause here by a writ of error. To ascertain what points are in dispute, we must look to the proceeding of the county court. It appears by the record that John Mullanphy made and executed his last will and testament, and then died. It appears by the testimony of Josiah Spalding, that Mullanphy applied to him to draw his last will and testament; that he did so; that the same was duly and legally executed. It also appears by the testimony of certain subscribing witnesses, that a will in due form was executed. It also appears by the testimony of J. Spalding, that after the death of the testator, he was called on to go to the late residence of the testator, that he did so, and saw the said will and read the same, and that he recollects the principal provisions of the will; that he left the will with the family of the deceased. The witness also proved that Bryan Mullanphy, a son of the testator, commenced in his presence to take a copy of the same. It appears also, that the wife of Graham, Clemens and Harney, are daughters of Mullanphy deceased; that they are both heirs at law, and devisees. That Bryan Mullanphy is in the same situation; that Ann Biddle is also in the same situation.

The executor then offered to prove that the interest of all and each under the will, was less than it would be if the will should not be established; Graham, Harney and Clemens, were offered, together with the others named, to give testimony to the court, relative to the existense and contents of the will. Objections being made, these persons were all rejected, as being incompetent, on the ground of interest.

### B. Allen for plaintiffs in error.

The points arising on the record in this case and submitted to the court for its decision, are as follow: 1. Was the testimony of Bryan Mullanphy taken before the clerk of county court, properly rejected by the county court? The affirmative is maintained for the reason that he was a devisee under the will, (1 Mis. Rep. 413) and the court was not competent to inquire into his comparative interests as devisee and heir. Such an enquiry would be endless, depending on calculations almost infinite, and speculations too uncertain, on which to base a judicial opinion; and again, would call for an investigation into the whole estate of deceased, for which the parties could not be expected to be prepared. 2. Was the testimony of Richard Graham, to prove the existence and loss of the last will and testament &c. of John Mullanphy, properly rejected? The affirmative is maintained for the reason that he was the husband of a devisee under the will. 3. Was the citation moved for by the appellant, against divers of the heirs of the supposed testator, to appear and produce the supposed will of the said testator, properly overruled? The power to issue a citation for the production of papers, is derived from the statutes, and here a proper case was not made out.—See Rev. code of 1825, sec. 22, p 100. 4. Was the citation moved for against divers of the heirs of the supposed testator, to appear and answer interrogatories as to the existence and possession of the supposed will of said testator properly overruled? The affirmative is maintained, for the reasons: 1. That they were devisees under the will. (1 Mis. Rep. 413.) 2. A proper case was not made under the statute.—See rev. code of 1825, p 100 sec. 22. 5. Was the testimony of Richard Graham, to prove the existence of the supposed will and codicils of John Mullanphy de'cd. &c., accompanied by proof that the interest of Catherine Graham, his wife, and of Richard Graham, in the estate of the said supposed testator, would be smaller &c. properly rejected? The affirmative is main-

JUNE TERM
1836.

Graham & others
v.
O'Fallon, exer. of
Mullanphy.

tained, for the reason that he was the husband and devi-, see under the will, and it was not competent for the court to inquire into his wife's comparative interests, as devisee and heir. Such an inquiry would be endless, depending on calculations almost infinite, and speculations too uncertain &c. as alleged in support of first point. 6 to 19 in decision are in effect, same with the 5th point, last made. 20. Was the testimony of Josiah Spalding properly admitted? That it was not, see Arch. Cri. plead. p 97. 21. Was the judgment of the county court, upon the case made erroneous? · The evidence on which this judgment was given, consisted of the testimony of J. Houghan, J. Thornton, J. Spalding, J. W. Johnson and J. O'Fallon. It is insisted that the judgment is correct, for the reasons, that it is too uncertain, on the whole testimony, what the will was, and if its contents were shewn, its execution is not proved by two witnesses. —Rev. code, p 790.

H. R. Gamble, for defendants in error.

Argument of
counsel for defs.
in error.

The defendant in error, makes the following points: 1. The county court erred in rejecting the testimony of Bryan Mullanphy, taken before the clerk. 1st. Because the will on its own face, shews his interest under it, to be less than it would be as heir. 2nd. Because the exor. offered to prove that Bryan's testimony, if given, would be against his own interest. 2nd point. The court erred in rejecting the testimony of Graham. 3rd point. The court erred, in refusing the citations applied for by the exr. 4th point. The court erred in rejecting the testimony of the persons offered, to prove the existence and loss of the will, after testator's death. 5th point. The court erred in rejecting the testimony offered, to prove the loss of the will mentioned by Mr. Spalding, after the testator's death. 6th point. The court erred in rejecting the testimony offered, to prove the copy exhibited, to be a copy of the will mentioned by Mr. Spalding. This mode of stating the points, resembles a formal assignment of error, and therefore, I will state in a different form, the questions that are to be discussed; they are the following: 1st. Can a legatee, who is not a subscribing witness, be called to prove a fact, (in such a case as the present,) which may be necessary to establish the will, under which he takes the legacy, when the establishment of the will is clearly against the interest he would have as heir? I maintain he is clearly competent.—1 Burr, 414; Rev. code, 790, 793. 2nd. Can the county court

issue citations to persons having the possession of a will, to make them produce it, or to make them answer, as to who has the possession of it? I maintain they can.—1 Williams on executions, 186; session acts of 1826, p 18. 3rd. Was Mr. Spalding's testimony, the disclosure of any protected communication? I maintain it was not. 4th. Was the testimony offered, to prove the loss or destruction of the will, competent? I maintain it was. 5th. Was the testimony to identify the copy on file, competent? I maintain it was. 6th. The court erred in the judgment, that Mullanphy died intestate.

JUNE TERM
1836.

Graham & others
v.
O'Fallon, exer. of
Mullanphy.

Opinion delivered by McGirk, Judge.

The question presented for our consideration and decision is, were these persons competent to give evidence in the cause? The counsel for the plaintiffs in error have cited the case of Trotter v. Winchester et al, decided by this court,(1 vol. M. R. 413) to prove that a devisee cannot be a witness. That case does indeed, prove the abstract proposition. But the counsel for the defendant in error, place the case of a devisee, on the ground of interest alone; and we are satisfied this is the ground on which the question ought to be placed. As a general rule, the case of Trotter v. Winchester, was rightly decided; the facts are imperfect, and we suppose a case of interest must have been made out. To prove that a devisee may be a witness in some cases and in a case like the present, the defendant's counsel cite and rely on the case of Windham v. Chetwynd—1 Burr R. 414, this case puts the question on the true footing; that is, that a devisee, may or may not be a witness, according as his interest may be balanced, or that his interest may be against the party for whom he is brought to testify. Then, on the ground of interest, one rule is that where the interest is equal, the witness is competent; and another is, that where his interest is against the party who offers him, he may be sworn—all that class of devisees whose interest depends alone on establishing the will, are clearly incompetent; as when the testator devises $100 to A. a stranger, and A. attests the will, he cannot be sworn, for by his swearing, he establishes his right to the $100.

In the case at bar, all the persons rejected as witnesses, were legatees, as far as the supposed will is known, they are also heirs at law, and distributees, in case no will is found to exist. The executor offered to prove that their interest under the supposed will, was and would

Opinion of the court

A legatee or devisee who is also, a heir at law, is a competent witness to prove a fact to establish the will, under which he takes the legacy, when the establishment of the will is clearly against the interest he would have as heir.

JUNE TERM
1836.

Graham & others
v.
O'Fallon, exer. of
Mullanphy.

be less under the will, than it would be if no will existed. We are of opinion the county court ought to have received this evidence, and if the evidence had made out the interest to be as the party offered to prove it to be, then the witnesses ought to be compelled to give evidence, because their swearing would be against their interest. But it is said by Mr. Geyer and Allen, for the plaintiffs in error, that the inquiry proposed in this case, cannot be gone into, because the estate is very large, and the court would have to make estimates of the value of the devises, and also estimates of the value of the whole estate, to ascertain whether the witnesses would take most as devisees or as heirs and distributees. It is admitted that this investigation may be troublesome, but it can as well be made, as it could in other cases of objections, on the ground of interest, and that there may be difficulties, is not a valid objection. On the ground of rejecting this testimony, the court erred, and was rightly corrected by the circuit court. The county court refused to issue a citation upon these witnesses, or most of them, to compel them to come into court, and testify touching their knowledge of the possession, existence, or distruction of the will. The circuit court decided that the county court erred also on this point; we are of opinion, the county court was right on this point. The law requires the exer. or other person interested, to swear in such a case, that he has cause to believe, and that he does believe, that some person has concealed or embezzeld any goods, chattels, money or effects, books, papers &c. the court shall grant the same &c.; the affidavit does neither say in terms, that the affiant has cause to believe, nor does believe, both should have been affirmed by the affidavit; on this point, the circuit court erred and for this error, its judgment is reversed.

To authorise the county ct. to issue a citation, to witnesses, to testify their knowledge concerning the existence, destruction or possession of a will, it is essential that the excor. or other persons interested should make affidavit "that he has cause to believe and that he does believe" that some person has concealed, or embezzeled any books, papers &c.

An affidavit wanting the affirmation, is therefore defective, and the court may properly refuse a citation.

An attorney who draws up a will, is present at the time of its execution—sees the will, after the death of the testator, in the possession of testator's family —reads it and re-

A point was made in regard to Mr. Spalding's testimony, which it is said to be desirable to have the opinion of the court on. We, to save future disputes on the point, give an opinion, which is, that his testimony is, in our opinion, entirely competent, and not subject to the objection, that it discloses confidential communications of a client.

In regard to the question, whether the circuit court erred or not, in reversing that part of the judgment of the county court, which finds that John Mullanphy died intestate; we give no opinion, as the cause had better on the whole, be sent back for further trial; the judgment of the circuit court, is affirmed, the cause remanded to that

court, with directions to be sent to the county court for farther proceedings. Judgment affirmed, with costs, cause remanded.

WASH, Judge.

I concur with the court, except on the point of competency of the devisees, offered as witnesses in the county court, to establish the will. In all such cases, it is my opinion, that the devisee of a specific legacy is incompetent; the question of interest, being a complex one, which the court have not the means of investigating, and settling as upon an issue made up in due form.

*collects its principal provisions—is a competent witness to prove these facts, and his evidence is not subject to the objection, that it discloses confidential communications of a client.*