(Decided November 27th, 1861.)

# NATHANIEL BRYAN's LESSEE, *vs.* WM. HARVEY.

Proof that a subsequent purchaser, prior to the date of his deed, said, *he knew* that a prior purchaser, under a deed not recorded in time, *had purchased* the land, and proof that such prior purchaser had sold portions of the the tract, and that his grantees, under deeds prior in date to that of the subsequent purchaser, had taken immediate possession of the parts covered by their deeds, is sufficient, under the Act of 1831, ch. 304, to authorise

the jury to find that the subsequent purchaser *had notice* of the prior purchase and title, under the deed, not recorded in time, so as to let that deed in as evidence.

The Act of 1831, ch. 304, declares that possession by the grantee, his heirs, executors or administrators, shall give effect to the deed not recorded in time, and possession by grantees of the grantee, is as fully within the spirit and meaning of the Act as if such grantees were named.

The admissibility of the deed not so recorded, must depend on the sufficiency of the evidence relied on to gratify the requirements of this Act, as to notice or possession, which are facts to be established *as preliminary* to the admission of the deed in evidence, and may depend on a variety of circumstances.

In the first instance, the proofs on this preliminary issue must be passed upon as offered, and where they tend to prove the collateral issue, thus raised on the admissibility of the deed, it is error to reject any portion, though the whole may be, afterwards, held to be legally insufficient for the purpose.

Deeds executed and recorded, from the grantee in the deed not recorded in time, conveying parts of the *tract* by reference to such deed for the *whole*, by name and number of acres, according to the patent, and by the date and record of such deed, are admissible to prove *notice* of such deed to a subsequent purchaser.

Disputes often arise out of conflict between the lines of different tracts: but it has never been held that the junior title must have precedence, because the party claiming it had no notice of such conflict.

The same grantor, owning two adjoining tracts, conveyed one by its *patent name*, and by reference to the patent, and as containing a *certain number* of acres, more or less; and subsequently conveyed the other tract to another party. The lines of the two tracts *conflicted;* HELD :.

That the *first* deed must have precedence over the subsequent one, and the metes and bounds, courses and distances, contained in the patent for the tract conveyed by the first deed, must be gratified.

Where the same grantor owns the land, and conveys one part by metes and bounds, or by what is an equivalent, description, and then conveys other part to another party, the first deed must have precedence over a subsequent one, whose lines conflict therewith.

APPEAL from the Circuit Court for Allegany County.

*Ejectment* for part of "*Elysiansylvania*," brought July 29th, 1855, by the appellant against the appellee. Plea *non cul.* and defence on warrant.

1*st Exception:* Both parties claimed under the *same gran-tors*, Riddle and others, who were the owners of *two contiguous* tracts of land; one *"Elk Garden,"* patented to Abraham Van Bibber, July 1st, 1802, on a common proclamation warrant, containing five thousand four hundred and twenty-one acres, more or less; the other, *part* of a tract called *"Elysian-sylvania,"* the patent for the *whole* of which, containing nine hundred and one acres and one-eighth of an acre, was granted to John Hoye, December 30th, 1843, and was an *escheat* patent for certain *soldiers lots,* embracing, among others, lots 1157, 1158, 1159, 1160, 1161. Hoye and wife, by deed dated March 25th, 1845, conveyed four hundred acres, part of *"Elysiansyl-vania,"* embracing, among others, these *lots,* to Riddle and others, who by deed, dated the 29th of January 1855, conveyed the *same part,* by the same description, by *course and distance* to Bryan, the lessor of the plaintiff, and this was his title. His deed, as it appears in the record, was *not sealed* by any of the grantors, nor does it appear *when* it was recorded.

The defendant then offered in evidence the patent for *"Elk Garden,"* and a deed to him from the same grantors, Riddle and others, dated November 10th, 1851, by which the grantors, residents of Kentucky, conveyed to the grantee, Harvey, of Allegany county, Maryland, "a certain tract of land lying and being in said Allegany county, Maryland, and which formerly belonged to Brice W. Howard, deceased, late of said county and State, and is the same tract of land which was called *"Elk Garden,"* and patented to Abraham Van Bibber, Esquire, by the State of Maryland, under patent dated the first day of July 1802, and recorded," &c., "together with all and singular, the buildings and improvements, ways, water-courses, rights, privileges and appurtenances, thereunto belonging, or in any wise appertaining, and all the estate, right, title, interest, claim and demand whatsoever, unto the said parties of the first part belonging, or in any wise appertaining, by and through Brice W. Howard, deceased, late of Allegany county, in the

State of Maryland, and under the deed from Benjamin A. Lawrence and Selina his wife, of Louisville, State of Kentucky, dated 25th September 1851, unto the aforesaid William Riddle, in and to the said tract of land called '*Elk Garden*,' containing five thousand four hundred and twenty-one acres more or less;" with a covenant, warranting "the said tract of land" to the grantee, "his heirs and assigns, against the lawful claims of any person or persons whatever, lawfully claiming or to claim the same, by, through or under them, the said parties of the first part." This deed was recorded June 28th, 1852.

The plats and locations show, that "*Elk Garden,*" located according to the courses and distances in the patent therefor, embraces part of the *lots* above mentioned, which are within the lines of that part of "*Elysiansylvania*" described in the deed to Bryan, and this is the land in controversy.

The defendant, in connection with his deed, proved by White, that, to the best of his recollection, witness had conversations with Bryan before the date of his deed, in which Bryan said he knew that Harvey had purchased the tract of land called "*Elk Garden,*" and that he had sold part of "*Elk Garden*" to Frasier and others; and that Bryan, before he bought, did not know that the part of "*Elysiansylvania*" he bought conflicted with "*Elk Garden,*" or that the two tracts run foul of each other; it never was dreamed of by any body, before Bryan purchased, that they conflicted. Witness was the agent of the grantors, and bargained with Bryan for the sale of the land to him, and also, as such agent, sold the tract called "*Elk Garden*" to Harvey, got the deed therefor, and delivered it to Mr. Bruce for Harvey, in December 1851.

The defendant then, for the purpose of showing that Bryan had knowledge of the purchase made by Harvey from Riddle and others, of the tract called "*Elk Garden,*" and that Harvey, and those claiming under him, were in possession of the said tract, offered in evidence deeds from Harvey to various parties as follows:

1st. A deed dated March 1st, 1852, to Fraiser, conveying all that certain piece or parcel of land situated in Allegany county, "more particularly known as the Brice Howard improvement, on Elk Garden tract, and bounded as follows," (giving metes and bounds, courses and distances,) "containing eight hundred acres, more or less."

2nd. A deed dated May 14th, 1853, to Arnold and Potter, conveying "all that piece or part of a tract or parcel of land called '*Elk Garden*,' situate" in Allegany county, and "contained within the following metes and bounds, courses and distances, to wit," (giving them,) "containing seven hundred and forty acres more or less; the said piece or part of a tract or parcel of land hereby conveyed, being part of a tract of land called '*Elk Garden*,' containing 5421 acres, the whole of which tract was conveyed to the said William Harvey by William Riddle and others, by indenture bearing date the 10th day of November 1851, and recorded among the land records of Allegany county, in liber H.R., No. 8, folios 522 and 523, as by reference thereto will more fully and largely appear."

3rd. A deed dated September 22nd, 1854, to Abernathy, conveying another part of "*Elk Garden*" containing four hundred and forty-four acres more or less, by metes and bounds, courses and distances. This deed contains a similar reference to said tract and to the deed therefor to Harvey, as in the preceding deed.

In connection with these deeds the defendant offered to prove by Mason and others, that Abernathy, Fraiser and Arnold and Potter, took immediate possession of the lands so conveyed to them, respectively, under said deeds. To which evidence of said deeds, and also the deed from Riddle and others to Harvey, and the evidence offered by said Mason and others, the plaintiff separately, and to each of said deeds and said testimony, objected, but the court, (Perry, J.,) overruled these objections, and each of them, and permitted all said evidence to be given to the jury, to which ruling admitting severally the said deeds and the testimony of said Mason, the plaintiff excepted.

*2nd Exception:* The plaintiff then asked two instructions to the jury:

1st. That upon all the evidence offered in this cause, the patent to Abraham Van Bibber for *"Elk Garden,"* conveyed no title to said Van Bibber for any part of said tract which the jury may find to be embraced by lots 1157, 1158, 1159, 1160, 1161, and by that part of *"Elysiansylvania,"* covering the same area covered by said lots, if the jury find any part of said tract to cover said lots.

2nd. That the deed from Riddle and others to William Harvey, does not operate to convey to the said grantee so much of the land embraced within the lines thereof, as the jury shall find to be foul of lots 1157, 1158, 1159, 1160, 1161, and of that part of *"Elysiansylvania,"* covering the same area covered by said lots, if the jury find them to cover the same.

The first prayer was granted *by consent,* but the court rejected the second, and to this ruling the plaintiff excepted, and the verdict and judgment being against him appealed.

The cause was argued before Tuck, Bartol and Goldsborough, J.

*Thos. J. McKaig,* for the appellant:

By deed of the 10th of November 1851, Riddle and others conveyed part of *"Elk Garden"* to Harvey. At that time they owned an adjoining tract called *"Elysiansylvania,"* which was an escheat warrant, and embraced *nothing but* soldiers' lots, which had escheated to the State, and the lands in controversy are lots thus escheated. *"Elk Garden"* was a common warrant of proclamation, by which escheat lands could not be affected, and though its lines embraced the lots in controversy, no title thereto passed to the patentee of *"Elk Garden."* This is conceded by the consent to the plaintiff's first prayer. See, also, *Lee vs. Hoye,* 1 *Gill,* 188. On the 29th of January 1855, the same grantors conveyed part of *"Elysiansylvania"* to Bryan, by *course and distance,* and to

recover which he brought this action. Harvey contends, that as his grantors, at the date of the deed to him, owned "*Elysian-sylvania,*" their deed operates as against them and their grantees to convey the land by way of estoppel, to the full extent of the lines of "*Elk Garden,*" though that tract embraced in its lines the escheat lands embraced in "*Elysiansylvania,*" and though no title passed for such lands by virtue of the grant and patent for "*Elk Garden.*" The question then is, did the escheat lots embraced in "*Elysiansylvania*" pass to Harvey by virtue of the deed for "*Elk Garden,*" it being admitted the patent for "*Elk Garden*" gave no title to these lots? or are Riddle and others, and their grantee, Bryan, estopped to deny that these lots so passed to Harvey by virtue of this deed to him? or did the deed to him, pass only the lands *legally* within the title or patent for "*Elk Garden?*"

In considering this question it must be borne in mind, there is no conflict of *title* between "*Elk Garden*" and "*Elysiansylvania,*" because the lands in dispute are escheat lands, to which the patent for "*Elk Garden*" could give no title. The intention of the parties is to prevail in the construction of the deed. 2 *Bac. Abr.,* 665. 1 *Burr.* 285, 286, *Wright vs. Cartwright.* In the deed to Harvey the grant is for a tract of land called "*Elk Garden,*" as patented to Van Bibber, with the rights, privileges and appurtenances" belonging to "*Elk Garden.*" It does not convey the land by course and distance, but simply by its patent name. The more certainly to describe the property sold, the deed adds, "all the estate, right, title, interest, claim and demand" of the grantors, obtained by them, "through Brice W. Howard, deceased," and the deed of Lawrence and wife, "to the said tract of land called '*Elk Garden,*' containing 5421 acres more or less." Here is no *intent* expressed to convey the land to the extent of the courses and distances, on the contrary it confines the grant to "*Elk Garden,*" and the interest they received in "*Elk Garden,*" through Brice W. Howard, &c. The grantors could, it is ad-

mitted, have conveyed the land in dispute, and if it had been their intention to do so, all they had to do was to convey by *courses and distances:* then it would have mattered not from which of the tracts it was taken, the grantors would have been bound. That was not their intention, and they confine the grant to the *legal operation* of the patent for "*Elk Garden.*" In the deed to Bryan, they conveyed by *course and distance.* In the deed for "*Elk Garden,*" to show that they did not mean to convey any interest save their title as derived from Howard, they expressly confine the grant to that interest. By the deed, therefore, to Harvey, the grantors manifestly intended only to convey the legal title or legal operation of that title, to him.

But it is said the deed to Harvey must be construed, by intendment of law, to mean all the land contained within the courses and distances in the patent for "*Elk Garden.*" I say no: 1st, because no intendment of law or presumption will be made in favor of a title obtained in violation of law, and the rules of the Land Office, 1 *Gill,* 188, *Lee vs. Hoye;* 2nd, because it is admitted in the record, that the patent for "*Elk Garden*" gave no title to the lands in dispute, and no inference of law will be made against a party's own admission; and 3rd, because from the deed itself, it is manifest the parties to it intended to confine the grant to the legal operation of the patent for "*Elk Garden,*" otherwise they would have conveyed by course and distance, 1 *H. & McH.,* 523, *Hawkins vs. Hanson.*

Where a deed conveys land by patent name, the grantee can only claim such land as is properly and legally conveyed in the patent. If, therefore, Harvey's grantors had not owned "*Elysiansylvania,*" it will be admitted he would, under their deed to him, have had no shadow of claim to the land in dispute, simply because the patent gave no title to it. The testimony shows that no one was aware that the lines of two tracts clashed, no fraud can therefore be imputed to the grantors or to

Bryan. Harvey holds all the lands "*Elk Garden*" ever embraced, and this, not because "*Elysiansylvania*" takes the lands in dispute by older title, but because "*Elk Garden*" never did embrace this land, the grant in the patent for "*Elk Garden*," for these escheat lots, being void, as the record admits. If "*Elysiansylvania*" had never been patented, it would not have helped the title of "*Elk Garden*." It is therefore, not a conflict of title, where one would be good if the other was out of the way. If his grantors had not owned "*Elysiansylvania*," could Harvey have compelled them under the covenants of their deed to him, to pay him for the lands now in controversy? Surely not, because they only sold him "*Elk Garden*," and only covenant against any one claiming "*Elk Garden*" *under them*. Is Bryan claiming any part of "*Elk Garden*" under them? He is not, for the record says the land in controversy forms no part of "*Elk Garden*," no title to the land in controversy passed by the patent for "*Elk Garden*." Harvey could not, therefore, recover on his covenant against his grantors, because he has got by his grant the whole of "*Elk Garden*." It is not pretended that the land claimed by Bryan is or ever was a part of "*Elk Garden*," nor that the deed to Harvey conveyed any part of "*Elysiansylvania*" *as such*, but it is contended, that because his grantors owned both tracts, when they executed the deed to Harvey, they must give lands under a grant of "*Elk Garden*," which it never could embrace. It cannot be successfully contended, that these grantors are estopped to deny that the lands claimed are part of *Elk Garden*," for the admission of the record is, that they formed no part of it. Under that admission, therefore, Harvey cannot contend in this court that the title to these lands passed to him by a grant of "*Elk Garden*," he cannot therefore say, that the lands in controversy form part of "*Elk Garden*" and that his grantors are estopped to deny it, for he admits upon the record that it is not so. His grantors are not denying any thing in the deed to Harvey, they only say "*Elk Garden*" never embraced the land, and this he admits.

16      v.18

The claim is, therefore, that his grantors shall make up to Harvey the number of acres called for in "*Elk Garden*," by giving from "*Elysiansylvania*," not to let the title of "*Elk Garden*" prevail, for under no circumstances can that patent hold or transfer the title, but that the holder of the *legal title* shall yield to the equitable claim of the grantee of "*Elk Garden*. In an action at law—an action of ejectment—the legal title must always prevail. Who has the legal title here. Bryan beyond all controversy. Harvey has not even an equitable title under his deed to any part of "*Elysiansylvania*." An equitable state of circumstances growing out of the fact that his grantors, when they made the deed to him, owned both tracts, cannot be invoked in an action of ejectment to defeat the legal title. To enable Harvey to recover on the only covenant in his deed, he must show that the lands in controversy are part of "*Elk Garden*." This he cannot do, because he admits they never were part of that tract, that no title to the lands in controversy ever passed by virtue of the title under which he claims. Bryan brings this action. Harvey says it is true Bryan has the legal title, but he and his grantors are estopped to deny that this land forms part of "*Elk Garden*." Estopped to deny, when it is admitted, that it never did form part of that tract! They might be estopped to deny it if the title of "*Elk Garden*" would hold the land, if the title of "*Elysiansylvania*" was out of the way, but it will not. By their deed to Harvey they are estopped to claim any land belonging to or legally passing by the grant for "*Elk Garden*," but they are not estopped from claiming title to land that never did and never could pass by that grant. Harvey has no claim to any land under his deed, unless he can show that it was part of "*Elk Garden*," for it was "*Elk Garden*" alone that he purchased, and he can claim nothing as against Bryan, that he cannot show would have passed as "*Elk Garden*," if Bryan's title was out of the way. There can be no estoppel where the record shows the truth, and here it does show that "*Elk Garden*" did not embrace any of the land in controver-

sy. 4 *Comyn's Dig.*, *Estoppel*, *E.* 2, 10. 1 *Metcalf*, 457, *Slater, et al., vs. Rawson.* 19 *Pick.*, 345, *Wheelock vs. Henshaw.* 15 *Mass.*, 106, *Gibson vs. Gibson.* 8 *Cow.*, 586, *Sinclair vs. Jackson.*

As to the question raised in the first exception, it is submitted that the Act of 1831, ch. 304, requires notice of the *deed* or *conveyance*, and that notice of the *purchase*, which is all the testimony in the case shows, is not notice of the *deed*, and, therefore, the appellee has failed to bring his deed within the requirements of that Act.

*Geo. A. Pearre*, on the same side, argued at length the following points:

1st. That the deed from Riddle and others to Harvey, was improperly admitted as evidence in this action of ejectment, not being recorded in ' time, and there being no evidence that Harvey *took possession of* "*Elk Garden*" under said deed prior to the purchase by, and deed to, Bryan. A deed to be evidence of title in a court of law must be recorded within six months. 3 *Gill*, 232, *Budd vs. Brooke.* The Act of 1831, ch. 304, does not apply, as there is no evidence to show that Bryan had notice of *such deed;* the evidence of White only speaks of a *purchase*, not of a *deed.* The same provision as to notice *of the deed* is found in the Act of 1785, ch. 72, sec. 11.

2nd. That the deeds from Harvey to his grantees, and their possession under them, were inadmissible against the plaintiff. Such deeds and possession only give notice of the deeds themselves, and of the claim of the grantees under them, they give no notice of the existence of a title by an unrecorded deed to their grantor. The Act of 1831, ch. 304, only speaks of the possession of the grantee in the unrecorded deed of the land conveyed by *that* deed. To come within the Act the possession must be under that deed, it must be the possession of the grantee in the deed sought to be made available in the case, and not of his *sub-grantees.* To give any efficiency to the

deed to Harvey, it must be brought within the terms of this
Act. We are in a court of law and not in a court of equity—
equitable notice is not sufficient.

3rd. These deeds from Harvey to these grantees, and the
possession under them, are not shown to cover the lands claim-
ed by the plaintiff, and in fact do not, and, therefore, they are
not evidence against the plaintiff, to bring Harvey's deed with-
in the Act of 1831.

4th. It is conceded by the assent to the plaintiff's first pray-
er, that the patent for *"Elk Garden"* conveyed no title to the
patentee for the *lots* in controversy, and for that part of *"Ely-
siansylvania"* covering the same land. Now the appellant
insists that the deed from Riddle and others to Harvey convey-
ed no title to the land covered by these lots, though the gran-
tors in that deed owned the land. The intent of the parties to
a deed must govern, 3 *H. & J.*, 334, *Buchanan vs. Steuart.*
The grantors in that deed must be presumed to know its legal
effect, for ignorance of law is attributed to no one. Deeds
must be construed conformably to law. If the words of a deed
will bear two different senses, the one conformable to law and
the other against it, that sense shall be preferred which is con-
formable to law, and the rule *fortius contra proferentem* is the
*last to be resorted to.* 2 *Greenlf's Cruise*, 295, *sec.* 2, 303,
*note* 1, 304, *sec.* 18 and *note* 1. The court will intend that
the grantors in conveying *"Elk Garden"* by the *patent* name,
only intended to convey what rightfully belonged to it, or to
give effect to the deed according to the legal operation and ef-
fect of the grant. *"Elk Garden"* could not extend to the
outlines of the patent for that tract, and a grant of it by its
*patent name* could not have that effect. The case of *Mundell
vs. Perry*, 2 *G. & J.*, 193, was the case of a conveyance by
metes and bounds, and the attempt there was to cut down the
description by metes and bounds; by the mention of the *name*
of the tract. Here the effort is to extend the grant by mention
of the patent name, to the outlines of the tract. The other
cases cited on the other side of *Benson vs. Musseter*, 7 *H. &*

*J.*, 208, and *Hall vs. Gittings*, 2 *H. & J.*, 119, are not in conflict with the position assumed by the appellant in this case. But Riddle and others by receiving the deed from Hoye, which conveys this land as "*Elysiansylvania*," admitted that it formed part of that tract, and this admission is binding on Harvey, their grantee, and he is estopped from denying that this land is any other than part of "*Elysiansylvania*." 12 *G. & J.*, 31, *Clary vs. Grimes.* 11 *G. & J.*, 314, *Moale vs. Buchanan.*

5th. The Act of 1825, ch. 117, prevents the appellant from raising in this court any objection to Harvey's deed for *want of seals*, because no such question was raised in the court below, and if the judgment is reversed, a *procedendo* will be awarded in all cases except where the court can plainly see the plaintiff cannot recover.

*Thos. Devecmon,* for the appellee.

1st. The deed to Harvey is prior in date to that to Bryan, and though not recorded within the time required by law, was yet recorded more than two years before the deed to Bryan was executed. The object of the testimony offered in the first exception, was to show that Bryan was a purchaser *with notice* of Harvey's title. The Act of 1831, ch. 304, is conclusive as to the admissibility of this evidence. It was admissible under this Act, 1st, because Bryan was a subsequent purchaser with *actual notice*, as proven by White, of Harvey's prior purchase: 2nd, because it was recorded more than two years before Bryan's purchase, and he, therefore, had notice both actual and constructive: 3rd, because Harvey, through his grantees, was in actual possession of the lands, thus coming within the proviso of this Act. The deeds from Harvey to his grantees, and the parol testimony, were only offered as *ancillary* or auxiliary, to show that the *main deed* from Riddle and others to Harvey, was admissible: these deeds were not offered to show *title*, but to show that Bryan had notice that the grantees named in them were in possession of the land as grantees

of Harvey: these deeds were all prior in date to the deed to Bryan, and any defects as to acknowledgment or otherwise, in any of them, are cured by the Act of 1858, ch. 208, by which they are made perfectly good and valid.

2nd. The second prayer in the second exception was rightfully rejected. The two tracts lay adjacent, and at the time of the deed for the junior tract, the grantors owned both of them. All their *title*, therefore, to the land embraced in their deed to Harvey, passed, whether it was derived under the patent for *"Elysiansylvania"* or under the patent for *"Elk Garden."* This was decided in *Mundell vs. Perry*, 2 G. & J., 193, and also in *Hawkins vs. Hanson*, 1 H. & McH., 523, and *Benson vs. Musseter*, 7 H. & J., 211. A grant is always construed most strongly against the grantor and most beneficially for the grantee. Hence, where there are two descriptions in a grant, the one by name, and the other by metes and bounds, the grant will operate according to that description which is most beneficial to the grantee. 2 H. & J., 119, *Hall vs. Gittings*. 3 H. & J., 329, *Buchanan vs. Steuart*.

3rd. Again, the deed to Harvey from the same grantors under whom Bryan claims by subsequent conveyance, contains a covenant that they "will warrant and defend the same against all persons claiming or to claim the same, by, through or under them." Would not these grantors be estopped from setting up this elder title under the *"Elk Garden"* patent? If so, Bryan who claims under them, is also estopped. Not only are they estopped from setting up the *elder title* that they held *at the time* they conveyed to Harvey, but they would be estopped even if this better and elder title had been subsequently acquired. And this principle applies not only to the grantors in the deed, but to subsequent parties claiming under them, as Bryan does in this case. 2 *Smith's Lead. Cases*, 632 to 635. 24 *Pick.*, 324, *White vs. Patten*. 7 *Greenlf's Rep.*, 96, *Fairbanks vs. Williamson*. 6 *Cush.*, 30, *Gibbs vs. Thayer*.

4th. Even if there should be error in any of the rulings,

this court would not reverse the judgment and award a *procedendo*, because the record shows that the title of the plaintiff, (who must recover upon the strength of his own title,) is fatally defective, his pretended deed not being shown to have been recorded within the time prescribed by law, and having *no seals* to it. As upon his own showing he cannot recover, he could not be injured by any instructions or rulings of the court below. 7 *G. & J.*, 72, *Medley vs. Williams*. 9 *G. & J.*, 461, *Union Bank vs. Planters Bank*. 1 *Gill*, 65 *Mulliken vs. Boyce*. 4 *Md. Rep.*, 169, *Hammond vs. Inloes*.

TUCK, J., delivered the opinion of this court :[1]

At the trial of this cause, the defendant—the present appellee—offered in evidence a deed from Riddle and others to himself, prior in date to that under which the plaintiff claimed the land in dispute, but not recorded within six months, and, to bring his defence within the Act of 1831, ch. 304, he offered to show that when Bryan purchased his part of "*Elysiansylvania*," he knew that Harvey had purchased "*Elk Garden*," but there is no evidence that he had any knowledge of a conflict between the lines of the two tracts; and he also offered proof that he had sold portions of "*Elk Garden*," and that his grantees had taken immediate possession of the lands covered by their respective deeds—all these deeds and acts of possession being prior to the deed from Riddle and others to Bryan. The plaintiff objected to these items of proof, and also to the deed from Riddle to Harvey, which objection the court overruled. This constitutes the first exception.

As a general rule a deed to be evidence must be recorded within the time limited by law. But the Act of 1831, ch. 304, makes provision for giving effect to deeds not so recorded, as against purchasers with notice, or where possession has been taken under the first conveyance. In these cases the admissibility of the deed must depend on the sufficiency of the evidence relied on to gratify the requirements of the Act of Assembly. The Act does not specify what shall be proof of no-

tice or possession; these are facts to be established as preliminary to let in the deed, and may depend on a variety of circumstances leading to the conclusion sought to be deduced. Whether, from all the evidence so offered, a jury would be warranted in finding the notice or possession, is quite a different question, which parties may have decided by a proper application to the court. But, in the first instance, the proofs must be passed upon, as offered, and where they tend to prove the collateral issue raised on the admissibility of the deed, it is error to reject any portion, though the whole may be afterwards held to be legally insufficient for the purpose.

The deeds to Abernathy, and Arnold and Potter, expressly convey parts of "*Elk Garden,*" by reference to the deed to Harvey, for the whole tract, by name and number of acres, according to the patent, and by the date and record of his deed. These deeds having been executed and recorded would have been notice to Bryan of the title of the grantees, if the suit had been against them, or either of them, and we think them equally admissible in connection with White's testimony to prove notice to Bryan of Harvey's deed. Suppose it had been proved that the plaintiff was informed by a witness, testifying to the fact, that Harvey had a deed for this land, can it be doubted that the Act of Assembly would have been complied with? Here the deeds to Abernathy and Arnold make special reference to the deed to Harvey, as having conveyed the whole of "*Elk Garden*" to him. The circumstance, that the conflict between the tracts was unknown to the parties, can make no difference in the application of the principle. "*Elk Garden,*" and also the land conveyed to the plaintiff, belonged to the common grantors of these parties, at the date of the first deed, and it was the plaintiff's own fault to have taken a subsequent deed for land covered, in part, by the "*Elk Garden*" patent, without having had the lines of "*Elk Garden*" laid down so as to have known how much of "*Elysiansylvania*" was clear of the elder tract. Disputes often arise out of conflict between the lines of different tracts, but it was never held, as far as we are

informed, that the junior title must have precedence, because the party claiming under it, had no notice of such conflict.

In connection with these two deeds, the testimony of Mason was also properly admitted as evidence of possession of so much as the grantees had purchased. The Act declares that possession by the grantees, their heirs, executors and administrators, shall give effect to the deed, and we consider possession by a grantee of the grantee as fully within the spirit and meaning of the Act as if such grantees were named. The law intended to substitute notice or possession for the constructive notice furnished by placing the deed on record. The acts of possession here proved, related to parts of the whole tract, and tended to establish such a possession by parties having title under the first deed, as would let in that deed, if that possession was proved to extend to the land in controversy, or formed an item of proof, from which, and the other evidence, the jury could find possession by the defendant himself.

But these considerations do not apply to the deed to Frazier, which conveys part of a tract or parcel of land designated as Howard's improvement on the Elk Garden tract. This may be a different tract from *"Elk Garden,"* and not appearing, by any reference in the deed, to have any connection with the title of these parties to the land in controversy, ought to have been rejected. It did not tend to prove notice to Bryan of Harvey's title to *"Elk Garden,"* nor possession of any part thereof by Harvey, or his grantee, Frazier.

The admissibility of Harvey's deed depends upon the sufficiency of all the proof in the cause, to establish notice or possession. White's testimony is not objected to; and we think that it and the other evidence deemed by us to be admissible, was legally sufficient to authorize the jury to find, that Bryan had notice of Harvey's purchase and title, to let in his deed as a defence to the action.

The question presented by the second prayer—the first having been granted by consent—relates to the title of the defendant under his deed from Riddle and others. The grantors

under whom he claims—as before observed—were, at its date, the owners of the land claimed by the plaintiff. It is well settled that where such is the case, and the first deed conveys by metes and bounds, or by what is an equivalent description, it must have precedence over a subsequent purchase. The case of *Mundell vs. Perry,* 2 *G. & J.,* 193, is much like the present, and is conclusive on this question. The intent of the parties, we think, is too plain to be questioned. The grantors designed to convey to Harvey so many acres, according to the "*Elk Garden*" patent, and the metes and bounds, courses and distances, of that tract must be gratified. It is upon the same principle that a senior patent is entitled to priority over a junior one, the State having eminent domain over the lands covered by both at the date of the first grant.

There is no question presented by the record, as to the supposed defect, for want of seals, in the plaintiff's deed, and we cannot express any opinion on the point made at the bar. As the judgment must be reversed on the ruling as to the deed to Frazier, the plaintiff can apply for a *procedendo* or not, as he may be advised, upon ascertaining the facts as to his own title.

*Judgment reversed.*

(Decided November 27th, 1861.)