## WILLIAMS BROTHERS v. YOUNG.

1. **Garnishment**: LIABILITY OF GARNISHEE. Where one has received money from one person which upon the fulfillment of certain conditions is to become the property of a third, he is not liable as garnishee in an action against the latter until the conditions shall have been fulfilled.

2. **Attorney**: PRIVILEGED COMMUNICATIONS: GARNISHMENT. Where an attorney has received money which he is to hold until the question of its ownership shall be determined between the parties, he cannot in a proceeding of garnishment refuse to state where he has deposited the money on the ground that his knowledge of the matter is privileged.

*Appeal from Linn District Court.*

FRIDAY, JUNE 8.

THE defendant, being garnished in an action brought by plaintiff against Alfred Stinson and others, answered before a commissioner denying all indebtedness to the defendant in the

action. In response to the question propounded him whether he had in his possession or under his control any money, property, rights or credits belonging to defendant, he replied that he knew nothing responsive thereto, except what was committed to him in professional confidence as an attorney at law. Issue was taken upon his answer, which was tried before the court and a jury. A verdict and judgment were had against defendant, and thereupon he appealed to this court. Further facts in the case appear in the opinion.

*J. B. Young*, appellant, *pro se.*

*E. Latham*, for appellees.

BECK, J.—I. There was evidence tending to prove that defendant, Stinson, sold certain property to one A. K. Davis.

1. GARNISH-MENT: liability of garnishee.
A part of the purchase money was paid to the garnishee under an agreement that if a certain action, brought to recover the property or to determine the validity of the title of Davis thereto, should result unfavorably to him, the money should be paid back to Davis. This arrangement was made for the protection of Davis, and the garnishee acted as the attorney of Stinson in entering into it and in receiving the money.

The garnishee deposited the money in the bank of Twogood & Elliott, without the power to draw it out, where it was to abide the result of the action for the property bought by Stinson. If it should be favorable to Davis it was to be paid to the creditors of Stinson, otherwise it was to be returned to Davis. As applicable to evidence offered by the garnishee tending to prove these facts the court gave certain instructions to the jury, which we will proceed to consider. We first notice the following one:

"4th. But if you find from the evidence that defendant received the money for Stinson from Davis, upon certain conditions, and upon the failure of said conditions it should be returned to Davis, then said money will not be liable to garnishment for Stinson's debts, unless you find that the condi-

tions were complied with and that said money vested absolutely in Stinson."

It cannot be doubted that this instruction presents a correct rule of law. Stinson, or his creditors, were entitled to the money only under the terms of the agreement upon which it was paid to the garnishee. The burden of showing that the conditions had happened which would impose the duty upon the garnishee to pay the money to Stinson or to his creditors rests upon plaintiff, for the garnishee cannot be charged unless his indebtedness or obligation be affirmatively shown. *Morse v. Marshall*, 22 Iowa, 290; *Farwell & Co. v. Howard & Co.*, 26 Iowa, 381.

There was not one word of proof offered at the trial contradicting the testimony of the garnishee showing the terms of the agreement under which he received the money, or his authority to enter into such an agreement. Stinson testified in the case, but he did not contradict the garnishee upon these points. Neither was there one word of testimony offered to show that the conditions had happened upon which the garnishee, under the contract, could pay the money to Stinson or his creditors. There was an utter failure of evidence to show that the money had vested absolutely in Stinson. We have before us all the evidence in the case, and it therefore is made certainly to appear that the verdict of the jury is in conflict with the instruction above quoted.

II. Another instruction given the jury is in the following language:

"5th. You will take into consideration all the facts and circumstances of this case, and if you believe from all the testimony that the money in controversy was received by Young, from Davis, as attorney for Stinson, and that he deposited the same in Twogood & Elliott's bank to his own credit, then in law the defendant will be liable therefor, notwithstanding there may have been an understanding between defendant and Twogood & Elliott, by which he could not draw on said bankers for said money."

We are of the opinion that this instruction was calculated to mislead the jury, in that it is not qualified so as to contem-

plate the agreement made when the money was paid to the garnishee as shown above. The jury may have understood that if the money was paid to Young as the attorney of Stinson, and then deposited in the bank as stated in the instruction, the garnishee would be liable therefor notwithstanding it was received by him under the agreement established by the evidence without contradiction. That such a probable misunderstanding would have been avoided, the instruction should have been properly modified to contemplate the agreement under which the garnishee claimed the money was received by him.

III. The garnishee in his examination as a witness objected to stating to whom he paid the money and the conditions upon which it was paid by him on the ground that he was protected by his relations to the parties as an attorney, the matter involving confidential communications between him and his client. The court overruled the objection, and the witness then stated he had deposited the money with Twogood & Elliott, to be held by them on condition that it should be returned to Davis, if he failed to hold the property bought of Stinson. The ruling of the court was correct. We are unable to discover that the testimony involved the violation of any confidential communications between attorney and client which the law would permit the garnishee to withhold from the court.

2. ATTORNEY: privileged communications: garnishment.

No other question raised in the case need be considered. For the errors above pointed out the judgment of the District Court must be

REVERSED.