[Filed April 23, 1890.]

## THE STATE OF OREGON EX REL. E. HARDY, RESPONDENTS, *v.* JAMES GLEASON, APPELLANT.

ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATION.—In proceedings supplementary to execution, where an attorney for the defendant is called as a witness and testifies that he had in his possession, after the commencement of the action, money, notes, checks, evidence of indebtedness, or other property of the defendant, he may be required to state what he had in his possession and what he did with such property or effects. The facts required to answer these questions are not privileged communications, made in the course of professional employment.

APPEAL from Multnomah county: E. D. SHATTUCK, judge.

One Edwin Hardy obtained a judgment for about $5,000 against Bigné and Watson, and being unable to obtain satisfaction of an execution issued on said judgment, insti-

tuted proceeding supplementary to execution. In the course of an examination had before a referee appointed for that purpose, Bigné was called as a witness and testified, among other things, that he had received from the estate of one Manciét, on July 12, 1889, the sum of $10,478.52 and failed to give any satisfactory account as to what had become of it.

The appellant was present at the hearing as counsel for Bigné and, upon the examination of the latter being concluded, was called and sworn as a witness. In the course of his examination he was asked to state if he had had, at any time subsequent to February 13, 1889 (the date of the commencement of this action), any money, check, certificate of deposit, promissory note, or other evidence of indebtedness, or other property whatever belonging to Bigné in his possession or under his control; and under the order of the court made upon his objection, he answered "Yes." He was then asked to state what he did have, and declined to respond on the ground that the matter was confidential between himself and his client and he was privileged from such examination.

The referee, conceiving that he had no power to rule upon the legal point here raised, referred the matter to the court, and the witness was directed to respond to the question, and state what disposition he had made of such property as had been in his possession. Thereupon the examination was resumed and the witness was asked the question, "Just state what you did have," to which he responded, "I decline to answer the question on the ground that the relationship which existed between Mr. Bigné and myself was that of attorney and client, and all my knowledge with reference to his property came in the course of professional employment between Bigné and myself, and I claim the privilege of an attorney in these matters. It is a privileged communication between an attorney and client, and I decline to answer, not from a desire to be contumacious before the court, but I insist upon my rights and decline to answer."

On a subsequent day of the examination the witness was asked the following question:   "Without in any manner waiving my right to require an answer to the last interrogatory asked you on the twenty-eighth day of March, I will now ask you to state what disposition you made of such money, checks, certificate of deposit, promissory note, or other evidence of indebtedness, or other property whatsoever belonging to defendant Bigné which was in your possession or under your control at any time subsequent to the thirteenth day of February, 1889?"   To which the witness responded:   "I decline to answer the question for the reason that if I were to do so I would have to disclose the communications made by Mr. Bigné to me in a professional capacity while he was my client and I was acting as his attorney; and I claim the right to hold as privileged the communications made by him to me in reference to his affairs and the disposition of any funds of his made to me by him as his attorney and as my client, because they were of a confidential character.   I refuse to answer the question for those reasons."

These matters having been shown to the satisfaction of the lower court by affidavit, the appellant was brought before the court upon an order to show cause why he should not be punished for contempt in refusing to answer the interrogatories.   He there filed an answer to the statements contained in the affidavit, substantially reiterating the objections he had previously made.

The respondents demurred to this answer on the ground of its insufficiency to constitute a defense, and the demurrer was sustained, whereupon judgment was entered committing the appellant until he should submit to answer, and awarding to the respondents costs of the proceedings.   It is from this judgment that the present appeal is taken.

*C. H. Carey,* for Appellant.

*L. B. Cox,* for Respondent.
XIX. OR.—11.

STRAHAN, J., delivered the opinion of the court.

The only question presented by this record for our consideration is, whether or not the defendant was bound to answer the questions propounded to him on his examination; in other words, whether his relation to Bigné as his attorney excused him from answering.

1. Section 712, Hill's Code, provides: "There are particular relations in which it is the policy of the law to encourage confidence, and to preserve it inviolate; therefore a person cannot be examined as a witness in the following cases: * * * 2. An attorney shall not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment"; and by subdivision 5 of section 1038, Hill's Code, it is made the duty of an attorney to maintain inviolate the confidence, and at every peril to himself to preserve the secrets of his clients. But these provisions introduce no new principle into the law. They are simply declaratory of the common law.

The defendant having answered that subsequent to February 13, 1889, he did have in his possession or under his control, money, check, certificate of deposit, promissory note, or other evidence of indebtedness, or other property belonging to the defendant Bigné, it was competent for the plaintiff to ask him what he did have and what disposition he made of the same. The facts necessary to make proper answers to these questions were not privileged. The authorities are very full and direct on this question and their citation is decisive of the case against the appellant. *Jeans* v. *Fridenberg*, 3 Penn. L. J. Rep. 65; *Williams* v. *Young*, 46 Iowa, 140; *Andrews* v. *O. & M. R. R. Co.*, 14 Ind. 169; *Brandt* v. *Klien*, 17 Johns. 335; *in re Bliss*, 386-38 How. Pr. 79; *Rundle* v. *Foster*, 3 Tenn. Ch. 658; *Graham* v. *O'Fallon*, 4 Mo. 338; *Hager* v. *Schindler*, 29 Cal. 48; *Duffin* v. *Smith Peakes*, N. P. cases, 108; *Dudley* v. *Beck*, 3 Wis. 274; *People ex rel. Mitchell* v. *The Sheriff of N. Y.*, 29 Barb. 622; *Fulton* v. *Maccracken*, 18 Md. 229.

The appellant's counsel has presented a carefully-prepared brief and has cited numerous authorities in support of his contention; but they only refer to various applications of the same rule already mentioned, and I deem it unnecessary to refer to those authorities more particularly. They in no manner conflict with the principles already stated.

It follows that there was no error in the judgment appealed from and it must be affirmed