WILLIAMS & CUNNINGHAM *v.* HOUSEL, Garnishee.

Where a garnishee answered as follows: "At the time of the service of the garnishee notice in this action, I had under my control property of the defendants to the amount of probably $2,000—it may have been more or less. This property had been previously attached at the suit of Lawrence, Stewart & Co., against Robbins & Co., and released by a bond on which I was surety. To secure me against my liability on said bond, Robbins & Co. executed to me a chattel mortgage on said property, with power at any time to take said property into my possession. Previous to my being garnished in this suit, I had taken possession of the said property, and was selling the same under a subsequent agreement between said Robbins & Co. and myself. Since the time of my garnishment in this action, the said property was attached by Harvey Leonard, sheriff of Scott county, and taken from my possession. The above-mentioned suit of Lawrence, Stewart & Co., against Robbins & Co., in which said property was attached, was brought for about $1,000 and costs;" and judgment was rendered against said garnishee on said answer, for the amount of the plaintiff's claim against the original defendants; *Held,* That the District Court erred in charging the garnishee on his answer, at this stage of the proceeding.

The garnishee's liability is to be measured by his responsibility and relation to the defendant in the original suit, and he is to be charged only in consistency with, and subject to, his contract with such defendant.

If a garnishee is chargeable at all, and has sufficient means in his hands, it is not error to render judgment against him for the costs of the original suit, in which he is garnished.

Garnishees are presumed to be innocent persons, and indifferent between the parties; and it is for the plaintiff to *show* the garnishee's liability, either from his answer, or by forming an issue on the answer, and showing it by other proof.

*Appeal from the Scott District Court.*

WILLIAMS & CUNNIGHAM sued Robbins & Co. for a debt of about $284, and garnished P. M. Housel, the appellant.

The whole question arises on a brief answer of the garnishee, which is as follows: "At the time of the service of the garnishee notice in this action, I had under my control property of the defendants, to the amount of probably $2,000; it may have been more or less. This property had been previously attached at the suit of Lawrence, Stewart & Co., against Robbins & Co., and released by a bond on which I was surety. To secure me against my liability on said bond, Robbins & Co. executed to me a chattel mortgage on said property, with power at any time to take said property into my possession. Previous to my being garnished in this suit, I had taken possession of the said property, and was selling the same under a subsequent agreement between said Robbins & Co. and myself. Since the time of my garnishment, in this action, the said property was attached by Harvey Leonard, sheriff of Scott county, and taken from my possession. The above-mentioned suit of Lawrence, Stewart & Co., against Robbins & Co., in which said property was attached, was brought for about one thousand dollars and costs."

The third suit under the attachment, in which the property was taken from the possession of Housel, appears, from the argument, to have been in the name of *Brown, Frederick & Kimball* v. *Robbins & Co.* Judgment was rendered against the garnishee upon his answer, from which he appeals.

*Cook & Dillon*, for the appellant.

*Davison & True*, for the appellees.

WOODWARD, J.—In our opinion, the District Court erred in charging the garnishee in this stage of the proceedings.

The plaintiff assumes a principle which cannot be assented to at once: that is, that the garnishee is *presumed*, in the process of garnishment, to be indebted, or to hold property. This is no more presumed of him, than of a defendant. A judgment is rendered on default, not on such a presumption, but because a default is an admission. In this proceeding, the plaintiff is *to show* the garnishee's liability; and this is done, either by his answer, or, under our statute, by forming an issue on the answer, and showing it by other proof. But there is a state of circumstances, in which the presumption may be against him. If there be a material matter which he is bound to know, to ascertain, and to state, and he leaves it doubtful, or unexplained, the presumption is against him. But this applies only to a fact which he can know definitely, and is bound to know, and which relates directly to his liability. But this rule does not apply to the leading fact in this case. The plaintiff urges that Housel, the garnishee, has shown, in his answer, that he holds property to the amount of five hundred dollars, more than he is liable for. The facts on this point are thus: Housel answers that the plaintiff's suit was brought for about one thousand dollars and costs. He may be bound by the statement of one thousand dollars; but the costs were a matter which he was not bound to know. Again, he is not to be bound by his *estimate* of the property; for, first, the sheriff's attachment is a more certain guide, being made under oath by an officer, and under some kind of an appraisement, as is to be presumed; and, second (which is the principal consideration), his liability depends, not upon his estimate of the property, but upon the *result*, as to whether it discharges the plaintiff's claim, and then leaves a surplus. He has a right to require that this should be ascertained with certainty, before he is charged, and that it should not rest upon his conjecture or estimate, and this he cannot know, for it depends upon a *sale* of the goods. The subsequent arrangement, that he should proceed to make sale of the goods, is not to be construed as a new and independent contract, but as under the mortgage, he

holding the proceeds subject to the attachment previously made.

But again, the usual condition of a delivery bond (which we assume this to be), is, that the property shall be forth-coming, or the value of it paid. Then Housel, having pos-session of the property, would have a right to deliver it to the sheriff when he should come with an execution. Sup-posing he should do this, what then becomes of the garnish-ment? And if the bond were to pay the judgment absolutely, he could not be charged, at least, until the cer-tainty and extent of his liability was ascertained. It is to be remembered, that the garnishee's liability is to be meas-ured by his responsibility and relation to the defendant; that his rights are to be regarded; and that he is to be charged only in consistency with, and subject to, his contract with the defendant. It would have been competent for the court, we suppose, to continue this part of the case on application from either side, until further proceedings in the prior at-tachment, disclosed whether anything remained in the hands of the garnishee, and to permit or require a further answer, showing the result. The foregoing views are sustained, we think, by the books and authorities, which may be referred to without enlarging. See Drake on Attachment, and au-thorities, chapters 22, 24, 25, and §§ 675, 676, chapter 35, and the cases cited by plaintiff's counsel, mean nothing dif-ferent. See *Bebb* v. *Preston*, 1 Iowa, 460.

It is further objected, that the court erred in rendering judgment for costs against the garnishee. We understand this judgment to refer to the costs in the suit of the plaintiff's against Robbins & Co. If this is so, the court did not err, in case he was chargable at all, and had sufficient in his hands to cover the costs.

A further objection is, that the court erred in rendering judgment finally against the garnishee, before Robbins & Co. were brought into court. The judgment against Housel, states that a judgment had been rendered against Robbins & Co., and we will presume this to be regular.

We do not see our way clear to decide more than that the

garnishee is not chargable in the present state of the case. Therefore, the judgment of the District Court herein is reversed, and the cause remanded.