SMITH, TWOGOOD & CO. v. CLARKE & HENLEY, Garnishees.

1. GARNISHEE: JUDGMENT ON AN ANSWER. In order to charge a garnishee his liability must be shown by his answer, or by evidence *aliunde.* If the case rests alone upon the answer, it must show *clearly* that he is liable. His liability is never presumed.

2. GARNISHEE'S LIEN. A garnishee holding property of the attachment defendant, upon which he has a lien, has a right to hold the same until his lien is discharged. It is error to render an absolute judgment against such a garnishee upon his failure to deliver the property to the sheriff as provided by sections 1891 and 1893 of the Code of 1851.

3. JUDGMENT AGAINST GARNISHEE. The garnishee should be placed in no worse condition by the judgment of the court, than would be done if the attachment defendant, himself, were enforcing his claim.

4. SAME. When a garnishee answered that the attachment defendant had placed certain notes and bills in his hands as an attorney, that he informed him at the time that they had been hypothecated to a bank

named, to which the proceeds should be paid; that after the attachment the bank gave him a similar notice; and that suit had been commenced on a portion of them before the attachment in the name of the bank; *Held,* that the garnishee was not liable on the answer.

5. SAME. When an assignor has made an appropriation of certain property, and this has been accepted by the assignee, the assignment is good, and the holder thereof will not be liable as the garnishee of the assignor.

*Appeal from Linn. District Court.*

THURSDAY, OCTOBER 13.

In a proceeding by attachment, at the suit of plaintiffs against Coopers & Clarke, these defendants were summoned as garnishees. To the interrogatories propounded, they answer substantially as follows: They deny any indebtedness, either in money or property—deny that at any time they had in their possession or under their control, any property, rights or credits of the defendants, (Coopers & Clarke,) but proceed to state that they have in their hands for collection certain bills of exchange and notes, which were received from said defendants; that prior to the garnishment they were notified that said claims were hypothecated to the Knox County Bank, of the State of Ohio, and that the proceeds were to be paid to said bank when collected. The value of the claims is stated at from five to ten thousand dollars, some are in judgments, and some in suit and some not. A portion are good, others not.

They know of no debts owing to defendants, or of property in the possession of others, except the notes and claims aforesaid. The notice of the hypothecation was verbal and given by defendants at the time of leaving the claims for collection. They were also notified, by the cashier of the bank, of this hypothecation. The claims were left in the hands of the garnishees several months before the commencement of this proceeding; the notice from the cashier was after they were attached. Suits were commenced prior to the time of such notice from the cashier, to collect these claims. Most of them were endorsed in blank by Coopers & Clarke, and

the suits were commenced on such in the name of the bank. Others were not thus endorsed, and suits were commenced on them in the name of Coopers & Clarke. It is not stated that any money had been collected on these claims.

They also state that they consider themselves liable to the bank for the money on said claims when collected, and that there is due them for services rendered and money paid in and about the collection of said claims, between three and four hundred dollars, for which they claim a lien.

Upon the answer the court below rendered judgment against the garnishees for the full amount of the judgment previously rendered against Coopers & Clarke. The garnishees appeal.

*William Penn Clarke*, for the appellants.

I. The motion to discharge the garnishees, should have been sustained. The answer of the garnishees was not controverted or denied, and under our statute, and upon general principles, it is to be *taken as true.*   Drake on Attachment, sec's 669–671; Code, sec. 1872.

II. In *Williams* v. *Housel, Garnishee*, 2 Iowa 154, this court held that the garnishee's liability was to be measured by his responsibility and relation to the defendant in the original suit, and he is to be charged only in consistency with, and subject to, his contract with such defendant. And this is the general doctrine.   Drake 546; Ib. 610; *Kettle* v. *Harvey*, 21 Vt. 301; *Maine F. & M. Ins. Co.* v. *Weeks*, 7 Mass. 438; *Lupton* v. *Cutter*, 8 Pick. 298; *Mayhew* v. *Scott*, 10 Ib. 54; 13 Vt. 129; *Haven* v. *Wentworth*, 2 N. Hamp. 93; *Wright* v. *Foord*, 5 N. Hamp. 178; *Pratt* v. *Scott*, 19 Mis. 625; 9 Cushing 530.

III. The motion should have been sustained, also, because the answer shows, that the garnishees had advanced money, and rendered services in and about the collection of said claims to the amount of between three and four hundred dollars, and that they claimed a lien on the papers in their hands, until the amount due them was paid. . *St. John* v.

*Deifendorff*, 11 Wend. 261 ; *Walker* v. *Sarfent*, 14 Ver. 247; *Dennett* v. *Cutts*, 11 N. H. 263.

IV. An attorney holding a claim for collection, and which is uncollected, cannot be garnished as a debtor of his client All the authorities concur in holding, that the money must be collected before the attorney can be held liable. *Fitch* v. *Waite*, 5 Con. 117; *Coburn* v. *Ansart*, 3 Mass. 318; *Thayer* v. *Sherman*, 12, Ib. 441; *Frothingham* v. *Haley*, 3 Ib. 67; *Staples* v. *Staples*, 4 Greene 5 33; *Hurlburt* v. *Hicks*, 17 Ver. 193.

V. The matters in the hands of Clarke & Henley, even if they belonged to Coopers & Clarke, could not be attached in the manner attempted. If the claims belonged to them, they were *debts due* them. The statute provides that "debts due the defendant, are attached by garnishment," and then the statute points out how the garnishment is to be effected, "by informing the supposed debtor, or person holding the property, that he is attached as garnishee," &c. And then he is required to answer. Code, 1850–51. Section 1873 then provides, that if it is made to appear that the garnishee was indebted, or had property in his hands, he is liable, &c. From all this, it seems quite evident that the proper course for the plaintiffs, was, not to garnishee the attorneys of Coopers & Clarke, but the parties themselves who were indebted to Coopers & Clarke. Mere claims, or evidence of indebtedness, such as promissory notes, are not such "property, rights or credits," as are included or intended by section 1865 of the Code. *Fitch* v. *Waite*, 17 Conn. 117; *Dickinson* v. *Strong*, 4 Pick. 57; *Lupton* v. *Cutter*, 8 Ib. 298; *Stone* v. *Dean*, 5 N. H. 502; Drake on Attachment, 425; *Moore* v. *Pillow*, 3 Humph. 448; *Grosvenor* v. *F. & M. Bank*, 13 Conn. 104; *The M. F. & M. Ins. Co.* v. *Weeks*, 7 Mass. 437.

*Smyth, Young & Smyth*, for the appellees.

WRIGHT, C. J.—In order to charge a garnishee, his liability must be shown affirmatively, either by his answer or evidence

*aliunde.* If the case stands alone upon his answer, it should contain a clear admission of a debt due to, or the possession of attachable property of the defendant, in order to make him liable. Though this admission should not be explicit, yet if from the entire answer it *clearly appears* that he is liable, judgment should go against him. His liability is never to be presumed. He occupies the same position as if the defendant had sued him, and unless enough is shown to render him liable, he must be discharged. And under no circumstances is he to be placed in a worse condition than if said defendant was himself enforcing his claim. Drake on Attachments, sec's 461–2, 659; *Williams* v. *Housel*, 2 Iowa, 154; *Bebb* v. *Preston*, 1 Iowa, 460.

Applying these general rules, and others to which we may refer, we are clearly of the opinion that the court below erred in holding these garnishees liable. The judgment recites that the garnishees had not delivered to the sheriff, the property in their hands, as shown by their answer, and thereupon it was considered &c. The statute provides that after answer, the garnishee may exonerate himself from further responsibility, by paying to the sheriff the amount owing, or placing at his disposal the property, or so much thereof as equals the value of the property to be attached, and if found liable, judgment is to be rendered against him, unless he prefers paying or delivering the property to the sheriff as aforesaid. Code, sec's 1891, 1893. In this case however, they were in no condition to be required to make this election. The answer is to be taken as true, and from this it appears that they had a lien upon the property (we shall thus speak of these notes and bills for convenience,) in their hands, to secure the sum of at least three hundred dollars. It nowhere affirmatively appears that they had received any money upon these claims, nor even that said property was actually worth more than the amount owing to the garnishees. Under these circumstances they were not bound to place at the disposal of the sheriff, said property. They had a legal right to hold all of it, at least until their lien was

discharged. And having this right, it was erroneous to render an absolute judgment against them upon their failure to deliver the same to the sheriff. Drake, sec. 533. *Nolen* v. *Crook*, 5 Humph. 312; *Grant* v. *Shaw*, 16 Mass. 341; *Scofield* v. *Sanders*, 25 Vt. 181; *Bank* v. *Levy*, 1 McMullen 431; *Curtis* v. *Norris*, 8 Pick. 280.

But supposing this lien satisfied, we are still of the opinion, upon other grounds, that the garnishees should have been discharged. We may mention one, and that is, that it does not sufficiently appear that they were indebted to the defendants, nor that they, at the time of the service of the garnishee notice, or afterwards, had property of theirs in their possession or in their control. There is nothing indicating fraud, or a fraudulent intention on the part of defendant and the bank, or either of them, in the matter of the hypothecation.

Briefly, the facts are that these garnishees, as attorneys, received from the defendants certain demands for collection, and were informed at the time that they were hypothecated, and the proceeds to be paid to the bank. Suits were instituted upon them, in most instances, as shown by the answer, in the name of the bank. This was long before they were summoned as garnishees, and afterwards and before answer they were advised by the bank of the transfer, and instructed as to the manner of forwarding proceeds. The letter giving this notice, contained a list of the claims thus hypothecated, which agreed substantially with those left with the garnishees by the defendant.

Now, apply one of the rules before stated; that the garnishee is to be placed in no worse condition than if the defendant was himself enforcing his claim, and will it be pretended that under this proof they could recover. Waiving the question of demand, without which the defendants could not maintain an action against their attorneys, but which is not necessary to charge them as garnishees of the client; let us ask, could the defendants maintain debt or *indebitatis assumpsit* for the demand here sought to be subjected? It

seems to us clearly not.   It is a case where the debtor has notified the garnishee of the transfer of the property in his hands, and where the assignee has notice thereof and acts upon it, claiming the benefit of the same.

The garnishee could not, safely, pay the money to the defendants, nor return to them the property; nor could the defendants, except by the consent of the assignee, maintain any action for the recovery of the same.   If the assignor has made an appropriation of the property and this has been accepted by the assignee, the particular part of the thing is immaterial, in order to make good the assignment.   Thus, if A places funds in the hands of B for the purpose of paying certain drafts, and the holders of these drafts assents to the same, B will not be liable as the garnishee of A (*Dwight* v. *Bank of Mich.*, 10 Metcalf 58.)   So in *Brooks* v. *Hildreth*, 22 Ala. 469, where A received money from B to pay to C, and afterwards saw C and informed him of the facts, but that he did not have it with him, and he assented and requested A to hold it for him, to which A assented and promised to do; *held*, that an attachment against. B, served after this, would not hold the money in the hands of A, against C.   And it has been held that an equitable assignment will secure the property against the attachment for the debt of the assignor, though no notice be given to the person holding the property, prior to the attachment, if given in time to enable the garnishee to bring it to the attention of the court before judgment.   *Wakefield* v. *Maston*, 3 Mass. 558.   And upon this subject see Drake, sec's 525–8, and *Legoo* v. *Staples*, 16 Maine, 252; *Adams* v. *Robinson*, 1 Pick. 461; *Nezmoth* v. *Dunn*, 8 W. & Serg. 9; *U. S.* v. *Vaughn*, 3 Binney 394.

· Judgment reversed.