DRYDEN v. ADAMS, Garnishee.

Garnishment: ANSWER OF GARISHEE: PROMISSORY NOTE. The answer of a garnishee that he holds a note executed by a third party to the debtor, which he received from the latter for the purpose of paying a certain judgment on which he was surety for the stay of execution, will not justify a judgment against the garnishee.

*Appeal from Poweshiek District Court.*

MONDAY, JULY 25.

DEFENDANT was garnished in a suit against D. W. Baker. In his answer he admits that he had received, prior to the service of process upon him, a certain note executed by another to the judgment debtor. He states

that the note was given to him "for the purpose of pay-ing a certain judgment on which he was security for the stay of execution." Another, A. W. Ballard, to whom the note had been delivered for collection, was also gar-nished, but his answer is not given in the record. Upon a trial the cause was submitted to the court without a jury, and upon a finding of facts the cause was dismissed as to the garnishee. Plaintiff appeals.

*Emory & Lewis* for the appellant.

*Martin & Murphy* for the appellees.

BECK, J.— The errors complained of relate to the finding of facts by the court. The record does not con-tain *all* the evidence upon which the finding was had; we, of course, cannot review it.

Plaintiff's counsel insists that from the answer of the garnishee his liability appears. Without determining whether, in case it did so appear, we could, without all the evidence, review the judgment of the district court, it is sufficient to say that the answer avers, that the note was received by the garnishee, for a specific purpose, the payment of a judgment upon which he was liable as security, under a contract with the debtor. The law will protect the right of the garnishee to the note under that contract, and will not do what it would forbid the judg-ment debtor— disregard the contract and defendant's claim thereunder.

Appellee claims that no exceptions appear to the finding and rulings of the court below. By a fair con-struction of the record, we think it is shown that the judgment was excepted to at the proper time.

Affirmed.