Evans v. Hawley.

EVANS v. HAWLEY *et al.*

1. Partnership: REAL ESTATE: LIEN OF PARTNERS. In equity the real estate of a partnership will be treated as if it were personalty; and a court of equity will recognize and enforce a specific lien thereon for moneys advanced by a partner beyond his own liability, as against his copartners and their individual creditors. Following these principles it is accordingly *held*, that a conveyance by one partner, of his interest in real estate belonging to the firm, to his copartners, in consideration of moneys by them advanced beyond their share in payment of the firm debts, was valid against, and not liable to, the claims of, individual creditors of the partner executing the conveyance.

2. Practice: ON APPEAL. The objection of misjoinder of parties cannot be made for the first time in the supreme court.

*Appeal from Wapello District Court.*

WEDNESDAY, SEPTEMBER 18.

ACTION IN CHANCERY. There was a decree in the district court granting the relief prayed for in plaintiff's petition; defendant appeals. The facts of the case are fully stated in the opinion.

*E. L. Burton* for the appellant.

*S. W. Summers* for the appellee.

BECK, Ch. J. — The undisputed facts of the case are as follows: Prior to 1857, Nimrod Poston, Wesley Hull and J. M. Hull were copartners, owning as such certain real estate and owing certain debts. In the year just named the firm was dissolved by Poston selling his interest in certain of the firm property and withdrawing from the firm. Certain other real estate, which had been purchased by money or property of the firm, and was held by the copartners as such, was not, at the time, disposed of, and Poston retained his interest therein.

There were also debts of the firm remaining unpaid. In 1858 a part of the real estate held by the parties was sold and the proceeds, in part, applied to the payment of the firm debts. Poston received a part of the proceeds, which he did not so apply. There remained undisposed of a tract of forty acres of land, the same that is in controversy, and certain debts of the firm remained unpaid. In 1859, defendants, Hawley and Washburn, recovered each a judgment against another firm of which Poston was or had become a part-- ner. In 1864 Poston conveyed his interest in the land last-mentioned to the Hulls, his former copartners, the deed reciting that it was made in consideration of the pay- ment of partnership debts before made by the Hulls and for which Poston was bound unto them. The Hulls con- veyed the land to plaintiff in 1864. Prior to the com- mencement of this suit, Hawley and Washburn caused execution to be issued upon their judgments and levied upon the forty-acre tract of land above mentioned. To restrain the sale of said land upon their execution and to relieve it from the lien of the judgment is the object of this suit, and proper relief, to that end, is prayed for.

In addition to the facts above stated, about which there is no contest, we think the evidence conclusively establishes that the Hulls paid certain debts of the firm subsequently to its dissolution, and to the disposition of the other real estate, and that the conveyance of Poston's interest in the land to them was for the purpose of devoting it to the payment of the firm debts ; that is, to re-imburse the Hulls for the amount paid by them, which Poston was bound, as between the parties, to pay.

I. It will be remembered that the land in question was purchased with partnership funds, was partnership prop- erty, and the conveyance of Poston to the Hulls was made for the purpose of subjecting the property to the payment of partnership debts. It will not be questioned that part- nership property is first liable to the payment of partner-

ship debts, and that a creditor of one of the firm has no claim thereon until such debts are paid. See Parsons' Mer. Law, 185, and authorities cited; *Hubbard* v. *Curtis*, 8 Iowa, 1. And in equity the real estate of a partnership will be treated as if it were personal property. See Parsons' Mer. Law, 172, and authorities cited. And equity will recognize and enforce a specific lien upon the partnership property for moneys advanced by a partner beyond his own liability, as against his copartners and the individual creditors of each. *Pierce* v. *Wilson*, 2 Iowa, 20.

Applying these well-settled principles to the facts before us we are brought to the conclusion that plaintiff is entitled to the relief granted him in the district court. The Hulls had an equitable right to enforce against Poston's interest in the land in queston their claim for the amount paid by them upon the debts of the firm which Poston was bound to pay. His voluntary conveyance, being intended to effectuate that right, will be supported in equity.

II. Defendants' counsel insist that the evidence establishes the facts, that at the time of the dissolution of the firm it possessed property of greater value than the amount of its debts ; that Poston received, by sale of his interest in the firm assets, money and property that was not applied in payment of his debts, and that, in view of these facts, it would be inequitable to enforce the claim of plaintiff. We are unable to agree with counsel. Defendants' claims, which were, after the dissolution of the firm, merged into judgments, are against Poston individually. We know of no obligation resting upon the parties to retain firm property to secure such debts ; that is, the Hulls were not required, for that purpose, to deny Poston the right to draw out of the firm assets a part of his interest or prohibit him selling his interest therein. The property so drawn out of the firm became individual property of Poston and was liable to the claim of defendants ; that which

remained in the firm was subject to the rules governing the rights and liabilities of copartners.

III. It is insisted that the judgments of defendants are liens upon Poston's interest in the land. That is true as the law regards the rights of the parties. But equity regards them differently and applies the just principles above announced under which the lands are secured for the payment of partnership debts. The deed of Poston, made to effectuate that purpose, equity will enforce.

IV. It is urged upon the argument in this court that there is an improper joinder of parties inasmuch as Hawley and Washburn had distinct and separate judg-ments, neither being interested in the judg-ments of the other. But this objection comes too late. It was not raised in any manner in the court below. It cannot now be urged for the first time upon the argument in this court.

2. PRACTICE: on appeal.

We have considered all the points made in this court and carefully considered the pleadings and evidence. Our conclusion is that the decree of the district court ought to be

Affirmed.