## COX v. RUSSELL ET AL.

1. **Partnership**: DEBTS OF PARTNERSHIP HAVE PRIORITY: ATTACHMENT. Partnership property must first be subjected to the payment of partnership debts, and the creditors of an individual partner cannot obtain priority by attachment.

2. ———: ———: EQUITABLE JURISDICTION. By levying attachment upon the firm property in an action against a partner, the creditor simply acquires a lien upon the defendant's interest, the extent of which must be determined by equitable proceedings.

3. ———: ———: GARNISHMENT. If a partner is garnished in an action against his co-partner, he has a right to deduct from the amount he may owe the latter any liability which he could claim against the co-partner in a settlement with him.

4. ———: GARNISHMENT: UNPAID ACCOUNTS. Where a party was garnished who had been a partner of the defendant and held unpaid accounts belonging to the firm, it was *held* that judgment should not be rendered against him absolutely for the amount of the defendant's interest in the accounts, but that he should be directed to pay over the sum to which the partner was entitled as it should be collected.

*Appeal from Polk District Court.*

MONDAY, OCTOBER 23.

ON the 6th day of February, 1875, the plaintiff commenced an action against S. A. Russell, claiming of him the sum of $4,000, and caused T. P. Mathews and John Ledlie, as individuals and as a copartnership, to be garnished. On the 6th day of May, 1875, plaintiff recovered judgment against the defendant Russell, in the sum of $3,000. Afterward, the garnishees appeared in person and by attorneys, and filed their answers. The plaintiff filed a pleading controverting the answers of the garnishees. Upon the issues joined

between the plaintiff and the garnishees the cause was tried. Prior to February 1, 1875, S. A. Russell and the defendant T. P. Mathews were partners in the hardware business. The defendant John Ledlie purchased the interest of S. A. Russell in the hardware store, and agreed to pay him therefor the sum of $3,866.

The garnishees claim that T. P. Mathews and John Ledlie formed a partnership in the firm name of Mathews & Ledlie, and as such firm purchased the stock of goods from Russell & Mathews. This is the only controverted fact in the case. The evidence sustains the claim of the garnishees. The following facts are agreed upon: "On the 6th day of February, 1875, when Mathews & Ledlie were garnished, they were indebted to the old firm of Russell & Mathews in the sum of $6,733.87. There was then due the firm of Russell & Mathews, in notes and book accounts, the sum of $5,210.05, which said notes and accounts were then and are still in the hands and under the control of T. P. Mathews, or the firm of Mathews & Ledlie. Said firm of Russell & Mathews was then indebted to divers persons in the sum of $7,869.81. There was due the firm of Russell & Mathews, including the sale of said stock of goods, in excess of their liabilities, the sum of $4,145. Of the sum last named, Russell was entitled to about $126.52 more than Mathews. After Mathews & Ledlie were garnished, and between the 10th day of February and the 20th day of March, 1875, John Ledlie paid the entire amount of $4,000 to the capital of Mathews & Ledlie, which was placed to the credit of the old firm of Russell & Mathews. There was still remaining due the firm of Russell & Mathews from the firm of Mathews & Ledlie, after the payment of the said $4,000, the further sum of $2,733.87. T. P. Mathews, or Mathews & Ledlie, after they were garnished, proceeded to collect notes and accounts due the firm of Russell & Mathews, and with such collection, and the above $4,000, proceeded to pay off the debts of Russell & Mathews; and, when the last answers of Mathews were taken as garnishee, on the 29th day of July, 1875, and before the judgment in this case was rendered, there remained about $55 of the debts of the firm of

Russell & Mathews unpaid. At that time T. P. Mathews, or the firm of Mathews & Ledlie, had in their hands and under their control all the said notes and accounts that remained uncollected, and besides them, were indebted as a firm to the old firm of Russell & Mathews, as balance on the purchase of said stock of goods, the sum of $1,551.11, which had been due ever since the 6th day of February, 1875. There was then due the firm of Russell & Mathews, from T. P. Mathews, on his individual account, the sum of $738.33, and from said S. A. Russell the sum of $531.86. On the 14th day of September, 1874, S. A. Russell and T. P. Mathews executed a note to B. F. Allen for the sum of $600, on which Mathews was surety; and on the same day Russell executed to Mathews the following instrument: 'I hereby authorize T. P. Mathews, or his assigns, to provide for the payment of a note made this day by S. A. Russell and T. P. Mathews, in favor of B. F. Allen, at eight months from date, for $600 (which note is for my individual benefit), out of the proceeds of a sale of my interest in the hardware stock of Russell & Mathews.' Said note was outstanding and unpaid on the 29th day of July, 1875, when the last answer of Mathews, as garnishee, was taken, but it was not then known where said note was, or when it would be presented for payment."

Further facts, not appearing in the agreed statement, and not bearing upon any controverted question in the case, but necessary to an understanding of the judgment of the court, are stated in appellees' argument, and are as follows: "In the answers of the garnishee, Mathews, it appears that subsequent to the date of the garnishment, he had settled personal bills of said Russell, owing by Russell to debtors of the firm of Russell & Mathews, by allowing them as offsets to the firm debts, to the amount of $94; that he advanced to and paid for the use of said Russell the sum of $230.54, and that, at the date of his last answer, he had in his hands partnership money to the amount of $217.61, of which Russell was entitled to one-half, $108.80, which items aggregate the amount of the judgment, $433.39."

The court found that there is in the hands of T. P. Mathews,

as garnishee, the sum of $433.39, for which he is individually liable to the plaintiff, and rendered judgment against Mathews for that amount.

The court further found that there is the sum of $4,226.77, in notes and accounts, in the hands of T. P. Mathews, belonging to the firm of Russell & Mathews, which are due and uncollected, and that the debts of said old firm have all been paid, except $50; that there was, on the 6th day of February, 1875, and is now due and owing from the firm of Mathews & Ledlie to the firm of Russell & Mathews, the sum of $1,551.11, which sum is included in said sum of $4,226.77; that the defendant Mathews was, on the 6th day of February, 1875, and now is indebted to the firm of Russell & Mathews in the sum of $738.33, which sum is included in the sum of $4,226.77.

The court ordered that no judgment be entered against the firm of Mathews & Ledlie, nor against T. P. Mathews, nor John Ledlie, for any of the above mentioned accounts and indebtedness to the firm of Russell & Mathews; but that, as fast as the same shall be collected and paid in, one-half thereof, to-wit: that which would be found to be the interest of S. A. Russell, shall be paid to the clerk, for the use of the plaintiff, and shall be credited on the judgment of plaintiff against S. A. Russell.

The court further ordered that said T. P. Mathews reserve out of the interest of said Russell sufficient to reimburse him for the payment of said note of the defendant Russell, on which Mathews is surety, and to protect his liability thereon. To all of this judgment the plaintiff excepted.

It is further agreed that the garnishee, Mathews, paid to the clerk, for the use of the plaintiff, on the 30th of July, 1875, $433.39, being the amount of the judgment; and that, in obedience to said judgment, he collected and paid in for plaintiff's use, $413.21, on the 15th of September, 1875; and, on November 17, 1875, the further sum of $129.67, out of which the costs were paid, amounting to $49.85, and the remainder, $79.82, paid to plaintiff; and, on May 1, 1876, the further sum of $76.60. The said Mathews further claims to

have paid off the note executed to B. F. Allen, above referred to, amounting to $660, on the 14th day of Sepember, 1875.

The plaintiff appeals.

*Harvey & Lehmann* and *Bryan, Maxwell & Seevers*, for appellant.

*Brown & Dudley*, for the garnishees, the appellees.

DAY, J.—I. It is urged that the court should have rendered judgment against Ledlie for the whole amount of plaintiff's claim against Russell, because Ledlie had in his hands due Russell at the time of the garnishment, $3,866, which is more than the judgment against Russell in plaintiff's favor. This claim is based upon the assumption that the evidence shows that Ledlie bought the interest of Russell in the hardware store, and agreed to pay therefor the sum of $3,866. As already stated, the evidence does not support this claim, but sustains the position of the garnishees that the firm of Mathews & Ledlie purchased the store from the firm of Russell & Mathews. This fully disposes of the first error assigned and discussed.

II. It is next urged by appellant that the garnishment of Mathews & Ledlie held all the interest of S. A. Russell in the firm of Russell & Mathews; that the debts of the 

1. PARTNER-SHIP: debts of have priority: attachment. 

firm of Russell & Mathews have no preference for payment out of the partnership funds, nor out of the interest of the said Russell therein, over the plaintiff's attachment, and that it was the duty of the garnishees to pay off the plaintiff's claim before they paid the debts of the firm of Russell & Mathews. In support of these positions they cite *Frank v. Peters*, 9 Ind., 343; *Shaiffer v. Fithian* 17 Ind., 463, and *Scudder v. Delashmut*, 7 Iowa, 39.

The law is well settled that the creditors of a partnership have a preference over creditors of a member of the firm, for payment out of the partnership property. *Pierce v. Wilson et al.*, 2 Iowa, 20; *Hubbard v. Curtis*, 8 Id., 1; *Richards, Crumbaugh & Shaw v. Haines et al.*, 30 Id., 574; *Switzer v. Smith & McGowan*, 35 Id., 269. In *Hubbard v. Curtis*,

it is held that the purchaser at an execution sale, under a levy upon the interest of a member of a firm, takes only the interest of the judgment debtor, and as he held it, subject to the payment of the partnership debts. If the creditor of an individual member of a firm cannot, by levy and sale of that member's interest, deprive the creditors of the partnership of their prior right to the satisfaction of their claims out of the partnership property, it is a necessary conclusion that the individual creditors cannot obtain priority by the process of attachment. It is claimed by appellant that the rule that partnership property must first be applied to partnership debts, is applied only when the property is in the hands of trustees, or the powers of equity are invoked in the distribution of the property among creditors. It cannot be that the creditor of an individual member of a firm can, by the simple selection of forum, deprive the creditors of the partnership of their superior rights.

Under section 2974 of the Code, where an attachment is levied upon firm property in an action against a member 2. ——: ——: thereof, the plaintiff acquires simply a lien on the equitable jurisdiction. interest of the defendant therein, and he may commence an action by equitable proceedings to ascertain the nature and extent of that interest. Where the process of garnishment is resorted to, it cannot be claimed that the creditor acquires a greater interest in the property of the debtor than where tangible property is attached. In such case the creditor acquires only a lien upon the interest of the member of the firm whose property is attached. This interest is measured by the rights of his co-partner, who has a lien upon the property for the amount of his share, and for moneys advanced beyond it for the use of the firm, and is also dependent upon the rights of the creditors of the firm, for they are entitled to be first paid from the partnership funds. *Richards, Crumbaugh & Shaw v. Haines*, 30 Iowa, 574. Where, under the process of garnishment, all parties are before the court, and the proper issues are joined for the determination of the partner's interest, it may not be necessary to resort to a separate action in equity to determine the partner's interest. But, in some way, that interest must be determined, and that alone

can be subjected to the payment of his debt.  The court did not err in holding that the garnishees were not liable for the sums paid in settlement of the debts of the old firm of Russell & Mathews.

III.  Mathews became a surety of Russell on a note to B. F. Allen, for the sum of $600.  On the 14th day of September, 1874, Russell executed a writing authorizing Mathews to provide for the payment of this note out of the proceeds of the sale of Russell's interest in the hardware store.  The court below allowed Mathews to reserve out of the interest of Russell sufficient to reimburse him for the payment of this note.  It is urged that this was erroneous. Upon a question of accounting between Mathews and Russell, it is clear that Mathews would have had a right to this sum to indemnify him for his liability, for it is secured to him by express contract.  Is it possible, then, by the garnishment of Mathews, to render him liable to the creditor of Russell for a greater amount than his liability to Russell himself?  We think not.  The garnishee's liability is to be measured by his responsibility and relation to the defendant; his rights are to be regarded, and he is to be charged only in consistency with, and subject to, his contract with the defendant.  *Williams & Cunningham v. Housel*, 2 Iowa, 154. Under no circumstances is the garnishee to be placed in a worse condition than if the defendant was himself enforcing his claim.  *Smith, Twogood & Co. v. Clarke & Henley*, 9 Iowa, 241, and cases cited.  We are satisfied that the court did not err in the matter now under consideration.

IV.  It is urged that the court erred in not rendering judgment against the garnishees for one-half the amount of notes and accounts in their hands.  It would not be proper to render the garnishees absolutely liable upon notes and accounts which may be worthless.  It is claimed, however, that the garnishees should have protected themselves by turning the notes and accounts over to the sheriff, and that, having failed to do so, they are liable.  Code, section 2986.  The answer is that these notes and accounts do not belong to the defendant, Russell.  The garnishee,

*Margin notes:*
3. ——: ——: garnishment.
4. ——: garnishment: unpaid accounts.

Mathews, had an interest in them, and he cannot, under the process of garnishment, be required to protect himself from absolute liability, by surrendering his own property.

V. The court found that at the time of judgment, the debts of the old firm of Russell & Mathews were $50; and that at that time Mathews & Ledlie owed the firm of Russell & Mathews $1,551.11. The court further found that T. P. Mathews was indebted to the firm of Russssell & Mathews in the sum of $738.33. The agreed statement of facts shows that Russell was indebted to the firm in the sum of $531.86. The difference between these sums, or $206.47—constitutes assets in the hands of Mathews due the firm. *Carl v. Knott*, 16 Iowa, 379. The entire assets of the old firm in the hands of the garnishees, less debts, and not including the notes and accounts before referred to, are $1,707.58. Of this the agreed statement of facts shows that Russell is entitled to $126.52 more than Mathews. Russell's share is therefore $917.05. Of this Mathews is entitled to retain on account of amount paid on the B. F. Allen note $660. There is, then, in the hands of the garnishees, exclusive of notes and accounts, belonging to Russell, the sum of $257.05. The garnishees should not be left to their discretion to collect this amount. They owe it, and judgment should be rendered against them for it. Of this amount the defendant, Mathews, is indebted $103.28, and the firm of Mathews & Ledlie $153.77. For these sums plaintiff, at his election, may have judgment in this court, or in the court below. As the plaintiff could probably have had this judgment in the court below, if the attention of the court had been directed specifically to the matter, he will not recover costs in this court. If any errors have been made in the foregoing computation, they will be subject to correction on motion. Thus modified, the judgment is

AFFIRMED.