MIDLAND NATIONAL BANK OF MINNEAPOLIS, Appellant, v. A. B. DOUGLAS et al., Appellees.

PARTNERSHIP: Application of Assets—Preference Accorded Firm Creditors. An agreement between partners, acquiesced in by a third party, custodian of partnership funds, that the custodian, after making some uncertain expenditures out of the funds, shall divide the balance equally and remit to each partner his individual share, does not work a change of the funds from *partnership* funds to *individual* funds, in the absence of some *actual division or setting*

*aside of the individual shares;* and in such case the partnership cred-
itors will be entitled to the fund, in preference to the individual
creditors of the partners.

Headnote 1:   30 Cyc p. 548.

*Appeal from Wright District Court.*—EDWARD M. McCALL,
Judge.

APRIL 8, 1925.

ACTION against defendant Douglas on two promissory notes,
aided by attachment. McDonald, defendant, intervenes, as re-
ceiver for the partnership of Smith & Douglas, and claims the
funds in the hands of the garnishee. The district court awarded
the funds to the intervener, and the plaintiff appeals.—
*Affirmed.*

*Nagle & Hill,* for appellant.

*Birdsall, McGrath & Archerd* and *Wagner, Pike & Knoep-
fler,* for appellee.

ALBERT, J.—The Midland Bank held two promissory notes
of the face value of $9,581, made by the defendant Douglas to
plaintiff bank. Douglas was not a resident of Iowa, but plain-
tiff, which was a nonresident corporation, brought suit in the
district court of Wright County on these notes, aided by attach-
ment, and garnished one George W. Young, who answered that
he had certain funds in his hands. A more detailed description
of his answer will be later set out.

The notice of garnishment was served on Young on the
9th of April, 1920; but, owing to the conditions surrounding the
funds in the hands of Young, nothing further was done under
this garnishment until the 22d of September, 1923, when the
intervener, Charles S. McDonald, as receiver of Smith & Doug-
las, filed a petition of intervention herein, claiming the funds in
the hands of Young as partnership funds of Smith & Douglas.
Douglas, although notified at his home in Hymore, South Da-
kota, defaulted in the case, and the issues were tried between
plaintiff bank and the intervening receiver.

George W. Smith and Albert B. Douglas at one time composed a partnership under the firm name of Smith & Douglas. The scene of operation by this firm was in South Dakota.

On the 23d day of July, 1923, the bill of complaint was filed in the district court of the United States, District of South Dakota, Central Division, alleging that the partnership of Smith & Douglas was insolvent, and seeking a dissolution of that partnership and appointment of a receiver to wind up the business. On the 8th day of September, 1923, Charles S. McDonald, intervener herein, was appointed receiver of that partnership. Under an order of court, he was given authority to intervene in the action at bar.

It further appears from the showing in the case that the partnership of Smith & Douglas, at the time of the appointment of the receiver in the United States district court, was insolvent.

About the year 1917, Smith & Douglas were engaged in the cattle business in South Dakota. They had several large tracts of land, and the evidence shows that some of this land was owned by them jointly before they entered upon the ranch business. Some of it was bought with partnership funds; and yet, in almost all instances, the title was in the individual names of the partners jointly.

On the 20th of August, 1919, Douglas, after previous negotiations, entered into a written contract with one F. D. Hartshorn, of Clarion, Iowa, to sell to the said Hartshorn a ranch of approximately 2,000 acres of land, in South Dakota, for the sum of $100,000. The contract was signed between Hartshorn and Douglas on the 20th of August, 1919, and was subsequently confirmed and approved by Smith.

Under the terms of the contract, $10,000 in cash was to be paid as earnest money, and the balance was to be paid at a later date, to wit, March 15, 1920, at Clarion, Iowa.

On the 17th of March, 1920, Douglas, Smith, and Hartshorn met at Clarion; and on account of defective title to the land, and some other objections thereto, a supplemental contract was there signed by these three parties individually, by which the balance of the purchase price was then paid, except $20,000, which was deposited with the garnishee, George W. Young. The contract further provided that the objections to the title

were to be perfected at the expense of Douglas and Smith within six months from the date of the supplemental contract; and that, if they did not so perfect the title, Young was to so perfect it and pay the expenses thereof out of the money thus deposited with him. The title was eventually perfected, but not until long after the garnishment was served herein. After all expenses incidental thereto were paid, Young had in his hands, out of the $20,000 so deposited with him, a balance of $15,033; and it is this balance that is involved in this controversy.

The claim of the receiver is that the land sold to Hartshorn was partnership property; that the fund in the hands of the garnishee was the proceeds of that property; and that, as such receiver, he is entitled to the same for the purpose of liquidating the debts of the insolvent partnership.

It is the claim of the plaintiff bank that the fund in the hands of the garnishee was derived from the sale of the land which was owned by the partners individually, and never owned by the partnership; that, if it was originally partnership land, the fund in the hands of the garnishee was divided, by reason of certain matters hereinafter referred to, and each partner was the owner of one half thereof individually.

Counsel have diligently briefed this case, and some of the law at least, in relation thereto, is well settled. The plaintiff's right to hold this fund herein cannot rise higher than that of Douglas; and if Douglas, as an individual, was unable to reclaim this fund from the garnishee, the plaintiff's right would not be superior to that of Douglas. *Dryden v. Adams,* 29 Iowa 195; *Greaves & Co. v. Posner,* 111 Iowa 651; *Peters v. Snavely-Ashton,* 144 Iowa 147; *What Cheer Sav. Bank v. Mowery,* 149 Iowa 114.

Creditors of a partnership have preference over creditors of the individual members of the firm, so far as the partnership property is concerned. *Evans v. Hawley,* 35 Iowa 83; *Cox v. Russell,* 44 Iowa 556.

It is equally true that the rights of an attaching creditor are measured by, and are no greater than, the rights of the debtor in the property attached. *Hamm Brewing Co. v. Flagstad,* 182 Iowa 826.

With these fundamental law propositions settled, it becomes

necessary to determine what the facts are in this case, and which of these propositions of law would apply. A careful reading of all the evidence in the case leads us to the conclusion that the title to all, or at least a part, of the land sold to Hartshorn was not in the name of the partnership of Smith & Douglas, but was in their individual names jointly; yet we are satisfied that the same was partnership property. This land having been sold to Hartshorn, it must follow that the money realized from that sale would still remain partnership property. If this were all there was to the case, it would be quite apparent that the ruling of the district court, in awarding the funds in the hands of the garnishee to the intervener, was proper. But the appellant insists that, although this might have been the partnership property in the first instance, yet, when the supplemental contract above referred to was signed, and Smith, Douglas, and Hartshorn were all present, Smith and Douglas agreed that, whatever was left of the $20,000 in the hands of the garnishee, after the title was perfected in accordance with the supplemental contract, Young should divide the same, sending one half to Smith and the other one half to Douglas.

While it is probably true, under the law, that partners may, as between themselves, take from the partnership funds any amount and divide the same between them, and that thereafter the part taken by each will be individual property, and not partnership property, we do not feel that it has any application here, for the reason that we have already found that the money in the hands of Young, the garnishee, was a partnership asset, and it still remains in his hands at the present time, undivided. Had the garnishee, Young, segregated the respective shares of these two parties, we then would be confronted with determination of whether or not the fund could have been divided between the parties, and the share taken by each made to be the individual property of the respective parties. But that point was never reached in these proceedings; and as we view it, no actual division of this fund in the hands of the garnishee was ever made. We therefore conclude that the district court was right in its decision in awarding the fund to the intervener.

We are not unmindful of the ruling made by this court in the case of *First Nat. Bank v. Brubaker,* 128 Iowa 587, where

we said, in substance, that during the partnership the partners might convert the partnership property into separate property of the individual partners; but hold that that rule has no application here, because the division of the property was never actually made between the parties, to make it individual property. Neither do we overlook the fact that the rule that the firm assets must be first applied to the satisfaction of partnership debts is for the benefit of the partners, and may be waived, as announced in the *Brubaker* case, supra, and several other cases in this state.

In the case of *Sylvester, Hilton & Co. v. Henrich & Tomlinson*, 93 Iowa 489, we held that, in the absence of fraud, even though the partnership is insolvent, the parties may make division of the firm's assets, and the creditors cannot complain. In *Stout v. Fortner*, 7 Iowa 183, holding to the general rule, we said that partnership creditors have no lien on the partnership assets.

We hold that none of these rules have any application to the fact situation in this case.—*Affirmed.*

EVANS, STEVENS, ARTHUR, and VERMILION, JJ., concur.

FAVILLE, C. J.—I think the record abundantly shows that the partners separated the funds in question and that they were not subject to partnership debts. Hence I dissent.