NEWTON DUNAWAY

*v.*

THE SCHOOL DIRECTORS OF DISTRICT No. 9, TOWN 32, R. 3, LA SALLE COUNTY.

GRANTOR—*acts and declarations of—after conveyance.* The acts and declarations of a grantor after conveyance, with reference to fixing the boundary lines of the conveyed premises, are inadmissible in evidence as against his grantee.

APPEAL from the Circuit Court of La Salle county; the Hon. M. E. HOLLISTER, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. GEORGE C. CAMPBELL, for the appellant.

Messrs. BUSHNELL & AVERY, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of trespass brought by the school directors against Newton Dunaway, before a justice of the peace of La Salle county, to recover damages for tearing down a fence claimed to be on the land of the plaintiffs. On a trial before the justice, plaintiffs recovered a judgment for one dollar and fifty cents, and defendant removed the cause to the Circuit Court of La Salle county, where a trial was had before the court and a jury, which resulted in a verdict against defendant for ten dollars. A motion for a new trial was entered, which was overruled by the court, and a judgment was rendered on the verdict, to reverse which this appeal is prosecuted.

The school directors offered no evidence of title to the premises, but proved that a school-house had been built on the land while it belonged to Josiah Scott. It appears that Scott sold

the land to Thomas Dunaway, in December, 1857, and that Scott, the next spring, stepped off the ground, and set stakes indicating the boundaries of the school-house lot, and the fence, which appellant tore down, was built on the line then fixed upon by Scott. This fence was outside of the uncultivated land around the school-house, on the side where the fence was torn down. Scott had previously cultivated the ground at the place and inside of this fence. When it appeared in evidence that Scott had sold the tract of land upon which the house was erected before he fixed the boundary, appellant moved to exclude from the jury the evidence as to what Scott did and said in reference to the boundary after he had sold the land, but the court overruled the motion. Dunaway testified that he had pointed out an old furrow, up to which Scott had culti- vated the land, as the line upon which the directors could build the fence; but the fence was erected outside of that line.

The only pretense of a license to build the fence where they did, was from the acts of Scott after his sale to Dunaway. And how he could give such a license to the directors to build on the land of Dunaway, we are wholly unable to comprehend. That he should go on to another man's land and trace lines, and authorize persons to erect fences or buildings there, could not, on the plainest principles of justice, give even the color of right. Nor could it make the slightest difference that he was at the time a school director, as the duties of that office did not require him to appropriate, on his own motion, lands belonging to another person, even to the laudable purpose of education; nor did the fact that he had previously owned the land, confer the right. His acts and declarations were clearly inadmissible, and the court below erred in not excluding them from the jury. For this error the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*