BENSON & CO. v. LUNDY ET AL.

1. **Evidence:** DECLARATIONS OF VENDOR. The declarations of a vendor not in possession are not admissible to affect the title of his vendee.

2. **Instructions:** SALE: FRAUD. Instructions asked in relation to an alleged fraudulent sale and mortgage considered and disapproved.

3. ———: EXCEPTION: PRACTICE. An exception to an instruction, filed after verdict, specifying that it "misdirected the jury in a matter of law," is too general and will not be considered.

*Appeal from Hardin Circuit Court.*

MONDAY, OCTOBER 27.

ACTION in attachment against the defendant C. A. Lundy. The intervenors, C. Hardin & Sons, claim the attached property

by virtue of a chattel mortgage executed to them by one L. J. Lundy. The property was formerly owned by defendant C. A. Lundy. Prior to the attachment it was sold by him to L. J. Lundy, and by the latter mortgaged to C. Hardin & Sons, and the mortgage thus executed constitutes the basis of their claim in this case. The plaintiffs claim that the sale by C. A. to L. J. Lundy, and the mortgage by the latter to C. Hardin & Sons, were fraudulent and void. There was a trial by jury and special and general verdicts were returned as follows.

" 1.   Was the alleged sale between C. A. and L. J. Lundy fraudulent?  ·Ans.  Yes.

" 2.   Was C. A. Lundy then insolvent?   Ans.  Yes.

" 3.   Was the alleged sale from C. A. to L. J. Lundy made by them in contemplation of the insolvency of C. A. Lundy? Ans.  Yes.

" 4.   Did the intervenors take the mortgage to aid in preventing the creditors of C. A. Lundy from seizing the property upon legal process, to enforce the collection of their demands?  Ans.  No.

" We find for the intervenors."

Judgment having been rendered for the intervenors the plaintiffs appeal.

*F. W. Pillsbury* and *Porter & Moir*, for appellants.

*Huff & Reed*, for appellees.

ADAMS, J.—I. The plaintiffs offered in evidence a letter written by C. A. Lundy to one Popejoy from State Center, July 1, 1878, which the court refused to admit, and the refusal is assigned as error. They claim that the letter contains declarations tending to show that the title to the property in question was still in C. A. Lundy, and that the mortgage to the intervenors was, therefore, fraudulent and void.

1. EVIDENCE: declarations of vendor.

It is very doubtful whether the letter, if admitted, would have any tendency to show what it is claimed that it would. But the letter, we think, was properly excluded upon other grounds.   Mere declarations of a vendor are not admissible to

affect the title of the vendee or persons claiming under him, unless made while the vendor is in possession. *Taylor v. Lusk*, 9 Iowa, 444; *Thompson v. Mawkinny*, 17 Ala., 362; *Mines v. Sturdevant*, 23 Ala., 664; *Gill v. Strozier*, 32 Ga., 688; *Dunaway v. School Directors*, 40 Ill., 247.

The letter appears to have been written after C. A. Lundy had left the county where the mortgage was executed, and where the property was situated, and had started to leave the state. He was evidently not in possession, and the declarations were inadmissible for that reason if for no other.

II. The plaintiffs introduced as a witness one Bryson Fitzgerald, and offered to show by him certain declarations. The court excluded the testimony and the plaintiff excepted.

The declarations do not appear to have been made concerning the property in question, and the testimony was properly excluded.

III. The plaintiffs introduced as a witness one James Fitzgerald, and offered to show by him a conversation between him and C. A. Lundy, a few days before the execution of the mortgage. The court excluded the testimony and the plaintiff excepted. The conversation at most could have shown only a declaration of intention on the part of C. A. Lundy to dispose of his property with the intention of defrauding his creditors. The evidence was clearly inadmissible.

IV. The plaintiff asked an instruction in these words: "A mortgage taken to secure a prior indebtedness does not constitute the mortgagee a *bona fide* purchaser." The court refused the instruction, and the plaintiff excepted.

2. INSTRUCTIONS: sale: fraud.

The mortgage was given ostensibly for a loan to L. J. Lundy, of $1,400. From that amount somewhat less than $100 was deducted, on account of a prior indebtedness of L. J. Lundy to the intervenors. The balance went to C. A. Lundy by L. J.'s direction, and ostensibly as a payment by L. J. to C. A. Lundy of the purchase money. In paying this balance to C. A. Lundy, by the intervenors, a portion of it was applied by them upon a prior indebtedness of C. A. Lundy to them. If, as the jury found, the mortgage was taken by the intervenors

in good faith, it was in legal contemplation wholly a transaction between them and L. J. Lundy, and was nearly all for money actually loaned to him. The instruction was, therefore, inapplicable, and properly refused.

V. The plaintiffs asked an instruction in these words: "If the alleged sale of the property was not valid, and conferred no title upon L. J. Lundy, he, the said L. J. Lundy, could not sell or mortgage the property so as to divest the creditors of C. A. Lundy of a right therein." The court refused the instruction and the plaintiffs excepted.

Of course, if no title passed from C. A. to L. J. Lundy, the mortgage to the intervenors could not be sustained. But as between them it did pass. At least C. A. Lundy could not be heard to dispute it. According to the finding of the jury, an honest loan was made by the intervenors to L. J. Lundy upon the property, and no one would claim that the mortgage was not valid as against the Lundys. The intervenors, then, had a valid lien upon the property prior to the plaintiff's attachment, and no good reason has been suggested why the attachment should be held to be paramount.

VI. The plaintiffs asked an instruction in these words: "If the jury find, from all the evidence in this case, that the alleged sale and mortgage of this property was made for the purpose of preferring certain creditors to the exclusion of others, such sale and mortgage are void in law." The court refused the instruction and the plaintiffs excepted.

According to the finding of the jury the mortgage was not a transaction, in form or effect, as between the intervenors and C. A. Lundy. They did not, then, take the mortgage as creditors of C. A. Lundy. In no view, then, could they be regarded as preferred. Under the finding the instruction was inapplicable.

VII. The court instructed the jury in substance that, to justify them in finding against the intervenors, it was necessary that they should be satisfied beyond a reasonable doubt that they took the mortgage to aid in preventing the creditors of C. A. Lundy from seizing the property on legal process. To the giving of this instruction plaintiffs

·excepted. But no exception was taken to the instruction at the time it was given, and no exception was afterward taken properly specifying the ground of objection, as provided in ·section 2789 of the Code. The ground as expressed in the exception is that the court ·· misdirected the jury in a matter of law." That is too general. That would be implied from the mere fact that an exception is taken. *Miller v. Gardner*, 49 Iowa, 234.

Other instructions are complained of, but they are not reviewable for the same reason.

AFFIRMED.