## OSBORN v. RATLIFF ET AL.

CHATTEL MORTGAGE: EVIDENCE: INSTRUCTIONS.

*Appeal from Madison Circuit Court.*

SATURDAY, APRIL 24.

ACTION to recover specific personal property. Trial by jury, verdict and judgment for defendants. The plaintiff appeals.

*M. Polk*, for appellant.

*Wainwright & Miller* and *Read & Wilkinson*, for appellees.

SEEVERS, J.—The plaintiff claimed to be entitled to the possession of the property because he was the owner, and the defendants claimed such possession under a chattel mortgage executed by C. S. Osborn. The plaintiff was a witness in his own behalf, and on cross-examination was asked if he had not told one Guiberson the property belonged to C. S. Osborn. This question was objected to as not proper cross-examination, but it was over-

ruled, and the witness answered that he had not. Conceding the question was improper no possible prejudice resulted therefrom to the plaintiff. The defendants were the only parties prejudiced by the answer.

During the cross-examination of D. B. Kirk, a witness for the defendant, the court on his own motion interfered and suggested that certain matters were immaterial, and intimated to counsel not to spend time by inquiring in relation thereto. It is said this constitutes error. We incline to think the court did right, but whether this is so or not is immaterial, because counsel acquiesced therein, and did not except to the action of the court.

On cross-examination of George Hunt, a witness for defendant, counsel for plaintiff asked the witness a question which was objected to, and he thereupon said it was for impeaching purposes, whereupon the court sustained the objection on the ground the question was too general, no time being given when the alleged conversation occurred. In this there was no error, because no time was stated.

In rebuttal the plaintiff offered to introduce the assessor's book of the proper township, for the purpose of showing that C. S. Osborn was not taxed with the property in question. This evidence was objected to on the ground that it was irrelevant, and not rebutting; the objection was sustained. The defendants claimed possession under the mortgage, and no declaration made by the mortgagor could prejudice them, unless it was made after the mortgage was executed, if then. Now, the assessment in question, and declarations made at the time by Osborn, was in 1877, and the mortgage was not executed until March, 1878.

Counsel for plaintiff asked Jane Oaks certain questions for the purpose of, as he stated, corroborating the evidence of the plaintiff. The matters sought to be proved consisted of the acts and declarations of the plaintiff himself, made in the house of the witness while C. S. Osborn was near by, but he had no means of knowing what was either said or done. The evidence was inadmissible for any purpose. Complaint is made of the charge of the court. It is said the second and third paragraphs are contradictory, and that the latter is erroneous. They both relate to the credibility of witnesses, and rules are laid down for the guidance of the jury. It is a mistake to say they are contradictory. They are the usual and ordinary instructions given, are elementary in character, and the third is not erroneous. The fourth is objected to, because the evidence is conclusive the property in dispute belonged to the plaintiff. This was a question for the jury, and they have concluded otherwise. It is said there was no evidence to support the fifth. This is a mistake. In the sixth paragraph of the charge the jury were informed if there had been a sale of the property from one Osborn to the other, with intent to defraud creditors, that the plaintiff could not set up such sale against the defendant as the mortgagee of the fraudulent vendee, and that possession of personal property after the sale by the vendor is not conclusive evidence of fraud, but that it is *prima facie* only. It has been repeatedly held that the latter part of the instruction is correct, and constitutes the established rule in this State. The first portion of the instruction is also correct, as was held in *Benson v. Lundy*, 52 Iowa, 265. The question of possession was for the jury to determine. The seventh and eighth para-

graphs of the charge are also objected to. We think it sufficient to say that the objections are not, in our opinion, well taken. We cannot interfere with the verdict on the ground it is not sustained by the evidence, because we think the verdict is right.

AFFIRMED.