JOHN THOMAS v. H. O. McDONALD, Appellant.

**Fraudulent Conveyance.** Where a judgment defendant transfered or mortgaged his property to his wife in consideration of a deed to his homestead, which was exempt, and retained possession of personal property mortgaged, and disposed of it without accounting, and managed his wife's business as he pleased, keeping no separate account, a finding is authorized that the mortgages and conveyances were made with intent to defraud creditors.

**STATEMENTS BY VENDOR:** *Evidence.* Statements made by a vendor of land prior to the sale and relating thereto, are admissible to establish his motive in making the sale, where it is attacked as fraudulent.

*Same.* A conversation by a vendor of land eight years after the sale with one of his creditors, in which he tells him that he had intended to pay him but had things fixed so that he would not, is inadmissible on the question of fraud in making the sale.

**JUDGMENT.** A judgment in favor of a wife against her husband obtained by collusion between them for the purpose of hindering,

3  delaying and defrauding the husband's creditors, is void as to such
   creditors.

SAME.  A judgment dismissing an action attacking deeds to certain
   land executed by a husband to his wife is not conclusive as against
5  a creditor of the husband as to the validity of a mortgage on other
   land executed by the husband to the wife at about the same time.

Garnishment.  Under Code, sections 2975 and 2988, providing that if
   the garnishee has any of defendant's property in his hands at the
   time of being served, or at any time subsequent thereto, he shall
3  be liable, the garnishee is liable for property of the judgment
   debtor given into her hands after notice served, and before trial
   and judgment on the answer.

SAME: *Fraudulent conveyance.*  Evidence that plaintiff in garnish-
   ment proceedings had the homestead of the principal defendant
8  sold under execution issued on his judgment, but that no sheriff's
   deed was taken thereunder, is inadmissible in favor of the gar-
   nishee.

SAME.  The debt due, or to become due, covered by the garnishment
1  statute is one in existence when notice of garnishment is served,
3  and not one incurred thereafter.

Judgment: FORMER ADJUDICATION.  Judgment on foreclosure by a
   wife, of a mortgage on the homestead, executed by her husband,
4  was not an adjudication against a judgment creditor of the hus-
   band as to the validity of the indebtedness, though he filed and
   afterwards withdrew an answer, as his judgment gave him no lien
   upon the premises.

*Appeal from Linn District Court.*—HON. J. H. PRESTON,
Judge.

SATURDAY, MAY 29, 1897.

ON June 13, 1884, the plaintiff recovered judgment
against Thomas McDonald for two thousand and
twenty-eight dollars, with interest at eight per cent.
per annum.  On November 2, 1889, Hannah O. McDon-
ald, wife of Thomas McDonald, was served with notice
of garnishment, and answered, as garnishee, that she
was not indebted to her husband.  To this answer,
plaintiff filed a controverting pleading; and the garni-
shee a reply.  A full statement of the facts will be
found in the opinion of this court on a former hearing,

88 Iowa, 374. Trial to jury. Verdict and judgment for plaintiff, and the garnishee appeals.—*Affirmed.*

*D. E. Voris* and *C. W. Kepler* for appellant.

*Rickel & Crocker* for appellee.

LADD, J.—The debt, due or to become due, which the garnishee is required to refrain from paying under section 2975 of the Code, must be in existence, and not incurred after the notice of garnishment, *Thomas v. Gibbons,* 61 Iowa, 50, and must be such as might, in the absence of fraud, be enforced by the judgment defendant against the garnishee. *Williams v. Young,* 46 Iowa, 140; *Smith v. Clarke,* 9 Iowa, 241; *Morse v. Marshall,* 22 Iowa, 290; *Cox v. Russell,* 44 Iowa, 556; Drake, Attachm., section 541; *Teague v. Le Grand* (Ala.) 5 South. Rep. 287; *Nicrosi v. Irvine* (Ala.) 15 South. Rep. 429. The notice of garnishment was served on Hannah O. McDonald November 2, 1889, and the money sought to be charged against her in this action was received by her November 22, 1890. If, in receiving this money, a debt, only, to the judgment defendant was created, she cannot be held liable. Did the relation of debtor and creditor arise from the transaction? The judgment defendant and the garnishee are husband and wife, and occupied lot three in block four in Marion, Iowa, as a homestead from some time prior to 1877, and before the plaintiff's debt was contracted, until 1890. It was inherited by the garnishee from an uncle, and she conveyed it to her husband December 22, 1877. He in turn deeded to her some real estate, and executed to her a note of five hundred and fifty dollars, secured by mortgage on the homestead, and a note of one thousand six hundred dollars, secured by

a chattel mortgage on a large amount of personal property. In 1878 he gave another note, of one thousand dollars, secured by a second mortgage on the homestead, and that amount was indorsed on the one thousand six hundred dollar note. The garnishee obtained judgment against her husband for two thousand five hundred and seven dollars and fifty-two cents and costs on the five hundred and fifty dollar and the one thousand dollar notes, and a decree foreclosing the two mortgages, in 1888. McDonald sold the homestead in 1890, and the money sought to be held in this action was received by the garnishee from the proceeds of that sale in payment of the judgment.

As between the husband and wife, no indebtedness from the latter can be predicated on these transactions. The controverting pleading, however, alleges that the notes had been paid, and that the foreclosure proceedings were begun, and the decree obtained by collusion between the parties to the action, and for the purpose of hindering, delaying, and defrauding the husband's creditors. If the husband and wife entered into such an enterprise, and the judgment was thereby obtained, and the money came into her hands as the result, then she did not become thereby indebted to her husband, as he was not in a position to question the validity of the judgment. *Shallcross v. Deats*, 43 N. J. Law, 177. She received the money, his property, ostensibly to satisfy the judgment, and the law will not permit him to recover anything she may have received in carrying out their common design to cheat his creditors. But the creditors may follow his property,—and money is property, even when in the hands of third parties,— and insist upon its proper application to the satisfaction of his debts. The identical money received was the property of the judgment defendant when the garnishee received it, unless the

alleged indebtedness and decree were valid, and she was required to retain it until the garnishment proceedings were disposed of. *Sheldon v. Root,* 28 Am. Dec. 266; *Spencer v. Blaisdell,* 17 Am. Dec. 412; *State v. Lawson,* 46 Am. Dec. 293. The statute of this state provides that notice shall require the garnishee to "retain possession of all property of the said defendant then, or thereafter, being in his custody and under his control, in order that the same may be dealt with according to law." Code, section 2975. And if it appears that the garnishee "had any of the defendant's property in his hands, either at the time of being served with the garnishee notice aforesaid or at any time subsequent thereto, he is liable to the plaintiff in case judgment is finally recovered by him." Section 2988. This language is so explicit that nothing need be added. Clearly, the garnishee is held liable to answer for property of the judgment defendant coming into her hands after the notice was served, and before the trial, or judgment on her answer.

II. The foreclosure proceedings of the garnishee against her husband, and the decree entered against plaintiff, were not an adjudication against the latter of the validity of the claimed indebtedness and the mortgages, even though he filed, and afterwards withdrew, an answer and cross-petition. The plaintiff could not have litigated such an issue in that action. The house and lot was the homestead of McDonald and his wife, and the plaintiff acquired no lien on the premises under his judgment. *Lamb v. Shays,* 14 Iowa, 567; *Cummings v. Long,* 16 Iowa, 41; *Payne v. Wilson,* 76 Iowa, 37; *Beyer v. Thoeming,* 81 Iowa, 517. Having no lien upon the property, he was not a necessary party to the foreclosure proceedings, and did not have such an interest therein as would entitle him to contest the amount of the garnishee's claim,

or the validity of her mortgages. Whether the evidence of the indebtedness was changed did not affect any existing interest he then had, and he could make no contest with reference thereto, except as a mere intermeddler, and this the law will not permit. The mere fact of his filing an answer and cross-petition, and then withdrawing it, would not affect his rights in such a case. *Finnegan v. Campbell*, 74 Iowa, 158. And these were properly excluded from the evidence, for they did not tend to establish any of the issues. That plaintiff was made a party appeared from the petition and decree, and this was all that the garnishee was entitled to show on the issue as to whether the judgment was obtained by collusion.

III. The plaintiff commenced an action in equity in 1886, to subject the land conveyed by McDonald to his wife, to the payment of his judgment. Upon hearing, a decree was entered dismissing the action, and it is claimed that this was an adjudication of the validity of the mortgages on the homestead. Such an issue was not necessarily involved in that action. When the garnishee conveyed the homestead to her husband, he deeded what is called the "Carnagie House and Lot," to her, and also executed the five hundred and fifty dollar and the one thousand six hundred dollar mortgages heretofore mentioned, in the adjustment of the difference, as is claimed. The plaintiff in the action referred to, sought to subject the Carnagie property, with other land, to the payment of his judgment. Now, the one thousand six hundred dollar note and mortgage are not included in the judgment of the garnishee against her husband, but such judgment is based on the note and mortgage of one thousand dollars, executed about one year later, and in no way connected with the transfer of the property from garnishee to her husband, and the five hundred and fifty dollar note and

mortgage given in part payment of the difference in the values of the property exchanged. So that the plea of *res adjudicata* would only go to this last mortgage, and this was only incidentally involved in the suit to subject the land. It could only be considered as evidence bearing on the *bona fides* of the transfer of the land from the husband to the garnishee. No relief was asked against the homestead or this mortgage, and none could have been granted. That action attacked the deeds of land. This seeks to declare a mortgage on other land, fraudulent and paid. Although the deeds and mortgage were executed at about the same time, the motives in doing so may have been very different. The deed may have been given in good faith; and the mortgage, for the purpose of covering up property, and exaggerating the indebtedness of McDonald to his wife. An inference of validity of the mortgage may be drawn by way of argument from the result in that case, but this is not sufficient. 1 Freeman, Judgm. section 258. It doubtless came in question collaterally, and as an incident to the charge of fraud, but was not involved in the issues raised by the pleadings. Only the ultimate facts in dispute upon which the decree is predicated are adjudicated, and not mere matters of evidence. As bearing on this question, see 1 Van Fleet, Former Adj., 31; *Belden v. State,* 103 N. Y. 1 (8 N. E. Rep. 363); *Smith v. Town of Ontario,* 4 Fed. Rep. 386; *King v. Chase,* 15 N. H. 9; *Cromwell v. County of Sac,* 94 U. S. 351; *Haight v. Keokuk,* 4 Iowa, 199; *Fairfield v. McNany,* 37 Iowa, 75; *Hahn v. Miller,* 68 Iowa, 745; *Lindley v. Snell,* 80 Iowa, 103.

IV. The intent of the vendor is in issue when the conveyance is attacked on the ground of fraud, and his statements made prior to the transaction, and relating thereto, are admissible to establish his motive. *Moss & Co. v. Dearing,* 45 Iowa, 530; *Craig v. Fowler,*

59 Iowa, 200; *Bener v. Edgington,* 76 Iowa, 105; *Guidry v. Grivot,* 14 Am. Dec. 192; *Horton v. Smith,* 42 Am. Dec. 628; *Murphy v. Mulgrew* (Cal.) 36 Pac. Rep. 857. Such evidence, when the declarations are made in the absence of the vendee, cannot be considered, as against the latter, in determining whether there was participation on his part; and the court should always, as in this case, guard the consideration to be given by the jury to evidence of this character, by proper instructions. *Benson v. Lundy,* 52 Iowa, 265, when examined, will be found in harmony with these views, as in that case Lundy, the mortgagor, was found to have a fraudulent intent, and the court was only required to say whether his decla rations were admissible to prove participation therein by the mortgagee, Hardin & Sons. Hoagland's testimony detailed a conversation with McDonald in which the latter disclosed his plan for defeating the indebtedness to plaintiff, and other claims. This conversation took place a few days before the transfers of the property, and was clearly admissible. The declarations of the vendor, made after the transaction, and not connected therewith, and when he is not in possession, are only those of a stranger, and cannot be received in evidence. *Benson v. Lundy, supra; Bixby v. Carskaddon,* 70 Iowa, 726; *Turner v. Hardin,* 80 Iowa, 691. The plaintiff testified that he had a conversation with McDonald about eight years after the transaction, in which the latter said that he had intended to pay him, but that he had things fixed so that he would not. On what theory this evidence was admitted, does not appear. It is not connected in any way with any transaction, and certainly could not have prejudiced the garnishee. It was very evident, without any additional proof, that McDonald had succeeded in

avoiding payment of the debt for over thirteen years, although the plaintiff had manifested much zeal in trying to secure it.

V. Execution was issued on plaintiff's judgment, and the homestead sold thereunder, but no sheriff's deed taken, and garnishee offered so to show at the trial. No right or interest was acquired under the sale. What bearing the evidence offered would have on the issue in this case, appellant has failed to explain, and we are unable to discover. Certainly going through the idle form of selling property on which plaintiff had no lien, and to which he could acquire no title, did not affect the validity of the balance due on his judgment, or the right to enforce it against the property of the defendant.

VI. The verdict has such support in the evidence as will prevent any interference. The judgment defendant transferred or mortgaged all his property to his wife in consideration of a deed to the homestead, which was exempt from the payments of his debts. After having mortgaged the personal property, he retained and disposed of it without making any account thereof to the mortgagee. He managed his wife's business entirely, collected money claimed to belong to her, and used it as he pleased. No separate accounts were kept, but large amounts were applied on her indebtedness. That he had a fraudulent design in transferring his property to her, does not admit of doubt, and, whether she participated therein or not, the facts were sufficient to put her on inquiry. If the jury found the mortgages were fraudulent or paid,—and there was evidence tending to so show,—then this, with the fact that proceedings were begun by the garnishee against her husband by reason of directions so to do through him, may well sustain the finding that the judgment was obtained by collusion between husband and wife. Indeed, as to plaintiff,

it amounted to only a change in the evidence of the alleged indebtedness, concerning which he was not and could not be heard. The litigation between these parties has been long continued, and, from a careful examination of the record in the case, we are convinced the result is just. The judgment must be AFFIRMED.